Gore v. Jenness.

MARTIN GORE *versus* THOMAS JENNESS *et al.*

As between mortgagor and mortgagee the property in timber cut on the mortgaged premises is in the latter and a purchaser from the mortgagor takes it subject to the paramount rights of the mortgagee.

If the mortgagee seizes the lumber thus cut, he holds it subject to a liability to account for the proceeds to the mortgagee, if the premises be redeemed.

THIS was assumpsit, and was submitted on the following statement of facts.

The plaintiff on August 19, 1835, became the mortgagee of certain lots of land in Chester — upon which, in the winter of 1837—8, certain timber was cut under permits from the mortgagors — but without his knowledge or consent. The defendants furnished supplies to the person by whom the timber was cut and afterwards without a knowledge of the existence of the mortgage purchased the timber. After the purchase by the defendant, the timber was seized by the directions of the plaintiff — and subsequently an agreement was made by the parties to this suit, by virtue of which the defendants were to manufacture the logs and sell the boards manufactured from them — the proceeds from which to be held subject to the decision of the Court upon the question

of the legal right of either party to the same. The plaintiff has brought this suit to recover those proceeds.

The condition of the mortgage had been broken previous to the cutting of the timber above referred to — and it was agreed judgment should be rendered for the plaintiff, if in the opinion of the Court the seizure of the timber was legal, or if he had a right to the possession of the same against the defendant — otherwise judgment for the defendant.

Arguments in writing were furnished the Court by *Willis & Fessenden,* for the plaintiff, and *G. B. Moody,* for defendant.

*For the plaintiff,* it was contended, that the mortgagor can make no contract and do no act relating to the mortgaged premises which can bind the mortgagee or affect his title.

That the right of possession of the land is in the mortgagee both before and after entry for condition broken — that the mortgagor, though in possession, has no right to remove a fixture — or any thing which would diminish the value of the security — and that trespass could be maintained by the mortgagee against any person for removing fixtures, or cutting down or carrying away timber. These principles, which conclusively settle the case for the plaintiff, are fully established by the following authorities : *Perkins* v. *Pitts,* 11 Mass. R. 130; *Hatch* v. *Dwight,* 17 Mass. R. 299; *Blaney* v. *Bearce,* 2 Greenl. 137; *Smith* v. *Goodwin,* 2 Greenl. 175; *Stowell* v. *Pike,* 2 Greenl. 386.

*For the defendants,* it was insisted — that here had been no entry to foreclose — and that before such entry the mortgagor had a right to possession of the premises mortgaged. 4 Kent's Com. 148. And that being in possession no action of *trespass* could be maintained against him. 4 Kent's Com. 151. The mortgagor in possession may maintain trespass against the mortgagee. *Runyan* v. *Mersereau,* 11 Johns. 534. The mortgagee has no such property in trees, cut on the land mortgaged, as will enable him to maintain trover. *Peterson* v. *Clark,* 15 Johns. 205. Even after entry the mortgagee is but a trustee — before entry he has simply the right to assume that

relation — and until he enters he can maintain no suit for any thing, which being severed, has become a chattel — still less can he maintain assumpsit for the proceeds of it.

The opinion of the Court was delivered by

WESTON C. J. — According to the decisions in Massachusetts before the separation, and of this state since, cited for the plaintiffs, he is clearly entitled to judgment. The principles established by these decisions are necessary for the security of the mortgagee. It often happens, that the timber upon wild or unimproved land, constitutes its principal value. Unless it is protected for the mortgagee by adequate remedies, the value of his lien may be defeated or greatly impaired. The timber, standing and growing upon the land, is as much a part of the realty, as the land itself. No equitable or legal considerations have been urged by the counsel for the defendant, which did not apply with equal force in the case of *Smith* v. *Goodwin*, 2 Greenl. 173. Indeed, that was a stronger case, for the house, which *Goodwin* purchased and removed, was built by the mortgagor subsequent to the mortgage, and did not constitute originally a part of the security of the mortgagee.

As between the plaintiff and the mortgagor, and those claiming under him, the property in the timber was in the plaintiff. He must doubtless take it, subject to a liability to account for the proceeds, if the land should be redeemed ; but a third person, purchasing the timber, which is a part of his security, takes it subject to the paramount rights of the mortgagee, as much as if he had purchased the land.

*Judgment for the plaintiff.*