CATHARINE H. CURRIE, appellant,

*v.*

ELIZABETH R. SISSON, respondent.

Mr. *Charles H. Hartshorne*, for appellant.

Mr. *Lansing Zabriskie*, for respondent.

The bill was filed August 23d, 1879, by Elizabeth B. Sisson against Catharine H. Currie. It is the ordinary form of a foreclosure bill, and sets out a bond made January 15th, 1875, by Catharine H. Currie to Augustus A. Hardenburgh, John H. Browning and Lansing Zabriskie, executors of Charles G. Sisson, deceased, for $10,000, payable January 15th, 1878, with

Currie *v.* Sisson.

interest at seven per cent., payable half yearly. It sets out the execution of a mortgage by the obligor to the obligees of even date with the bond, upon the premises described in the petition in the cause; that the bond and mortgage were assigned by deed of assignment, dated November 18th, 1875, to John H. Browning, and by him assigned by deed of assignment December 7th, 1878, to the complainant; that the whole of the principal was due. The usual prayers followed for answer under oath, for an account of the amount due upon the bond and mortgage, for sale of the mortgaged premises, for foreclosure, and for a decree against Catharine H. Currie for any deficiency that there might be of the proceeds of sale to pay the mortgage debt, with costs. The defendant entered an appearance on the 14th of October, 1879, but filed no plea, answer or demurrer. The defendant also took an order to stay execution. The final decree, dated November 21st, 1879, ascertained the amount due upon the mortgage debt to be $10,945; decreed that the mortgaged premises be sold to pay that amount, with interest from the date of the decree, and costs; that the premises be sold, and that the equity of redemption be foreclosed. The decree also contained the following :

"And it is further ordered, adjudged and decreed that in case the proceeds of such sale shall be insufficient to satisfy and discharge the said mortgage debt, interest and costs, then the deficiency shall be paid by the said defendant, Catharine H. Currie, as especially prayed in the bill of complaint, it appearing to the court that notice that such relief was sought by said bill has been duly served and given to said defendant according to the rules and practice of this court, and that a writ of *fieri facias* therefor do issue against her for that purpose, when such deficiency shall have been duly ascertained."

The decree for deficiency was in the following words, viz. :

"And that in case the proceeds of such sale shall not be sufficient to satisfy the amount of principal, interest and costs so due to your oratrix, the said Catharine H. Currie may be decreed to pay the deficiency."

A writ of *fieri facias* was issued upon the said decree to the sheriff of Hudson county, and was returned August 5th, 1880, with a statement thereto annexed by the said sheriff, showing

that the said property had been sold for $500, and showing a deficiency of $11,001 in the proceeds of said sale, to pay the amount due upon the said execution, including the sheriff's fees.

On August 23d, 1880, a petition was filed by complainant, seeking to be relieved from the decree.

Thereupon the following order was entered, by the advice of Vice-Chancellor Van Fleet:

"The defendant having filed her petition praying to be relieved from the decree holding her liable to pay the deficiency of the proceeds of sale of the mortgaged premises, to pay the mortgage debt, and the court being of opinion that the petitioner is not entitled to relief in the premises:

"It is ordered, on this 3d day of March, 1881, that the said petition be dismissed."

The vice-chancellor adopted the opinion in *Snyder* v. *Blair, 6 Stew. Eq. 208*, as the opinion in this case.

PER CURIAM.

This order unanimously affirmed, for the reasons given by Vice-Chancellor Van Fleet.