THE STATE, CHRISTIAN A. DE BAUN, PROSECUTOR, v. ANDREW H. SMITH, COLLECTOR OF WASHINGTON TOWNSHIP.

1. Stock in a corporation of a foreign state, owned by a citizen of this state, upon which taxes have been actually assessed in the foreign state and paid by the corporation, within twelve months before the day prescribed by law for commencing the assessment of taxes in this state, is exempt from taxation in this state.

2. Stock in a national banking association, located in another state, cannot be taxed under the laws of this state.

On *certiorari.*

---

Argued at June Term, 1892, before Justices DIXON and WERTS.

For the prosecutor, *William M. Johnson.*

For the defendant, *Abram D. Campbell.*

The opinion of the court was delivered by

DIXON, J. The prosecutor was assessed in the township of Washington, Bergen county, where he resides, for the taxes of 1891, upon one hundred shares of stock in the Delaware and Hudson Canal Company, a corporation of the State of New York, having its principal place of business in New York city, and upon thirteen shares of stock in the National Bank of Commerce, a banking association organized under the federal statutes, and located in the city of New York.

The object of his suit is to be relieved from this assessment.

It appears by proof that upon the stock of the canal company taxes were actually assessed in the city of New York and paid by the company, within twelve months next before the day prescribed by the laws of this state for commencing the assessment for the taxes of 1891. According to section 5 of our Tax act of April 11th, 1866 (*Rev., p.* 1150), the prosecutor's stock in that company was therefore exempt from taxation. *Smith* v. *Ramsey, Collector,* 25 *Vroom* 546.

The federal statutes for the organization of banking associations permits shares in them to be taxed under authority of the state within which the bank is located, and expressly provides that shares owned by non-residents of the state may be taxed in the city or town where the bank is located, and not elsewhere.

This statute by fair construction excludes all state taxation of the shares of stock except such as it expressly permits, and this exclusion is constitutional and valid. *Van Allen* v. *The Assessors,* 3 *Wall.* 573; *North Ward National Bank* v. *City of Newark,* 10 *Vroom* 380. Consequently shares of stock in a national banking association cannot be taxed by any state except that within which the bank is located; they are withdrawn from taxation under the authority of other states. *Tappan* v. *Merchants National Bank,* 19 *Wall.* 490.

The taxes complained of must be set aside, with costs.