*92 N. J. Eq.*             Sayre *v.* Lemberger.

CHARLES SAYRE et al.

*v.*

SAMUEL LEMBERGER and IDA KLEIN.

[Submitted October 22d, 1920. Decided November 1st, 1920.]

1. Where land stood in the name of K. when contract of sale was made by L. in his own name it will, in a suit for specific performance of such contract, be held to have been bought with L.'s money, it appearing that by L.'s direction, conveyance of the lands had been made to K., his young sister-in-law, and that L. treated the lands as his own and received the rents thereof, K. not testifying, and the only evidence that payment was made by K. being L.'s statement to that effect.

2. Specific performance of a contract for sale of land will be decreed though the title stands in the name of another who holds the land on an implied trust in favor of the one contracting.

3. Where a conveyance is made to another than the one paying the consideration, the law implies a resulting trust in favor of him and those claiming under him.

On bill, &c.

*Mr. Frank E. Bradner,* for the complainants.

*Mr. Philip J. Schotland,* for the defendants.

FOSTER, V. C.

Complainants seek a decree for the specific performance of a contract dated August 29th, 1919, for the sale of certain lands in Essex county, made with them by the defendant Lemberger.

The title to the premises is in the name of the defendant Ida Klein, and she is not a party to the contract. The bill alleges that she holds the legal title in trust for Lemberger; the answer denies this, and avers that she is the sole and absolute owner of the premises in her own right.

At the hearing it was established that in April, 1914, Lemberger conveyed property owned by him on Amherst street, East

Orange, to the defendant Ida Klein, who is his sister-in-law, and who was at that time a young woman, about twenty-two years old. Lemberger testified that the consideration for this conveyance was $800, paid to him by Miss Klein, and that the property was conveyed to her subject to three mortgages thereon. He further testified that he supposed, or assumed, that Miss Klein had saved or accumulated the $800 she paid him from her weekly wages, and that she had been working for about two years.

Miss Klein, although an answer was filed for her and she was represented by counsel, did not testify.

About June, 1916, Lemberger personally negotiated with the owner for the purchase of the property in suit, and the Amherst street property, or the proceeds of its sale, were used and applied by him, in connection with the proceeds of a mortgage loan also negotiated by him in the name of Miss Klein, for the payment of the purchase price of this property, and Lemberger caused title to the property to be placed in the name of Miss Klein.

After its purchase, with the apparent consent of Miss Klein, and without objection from her, Lemberger exercised all the rights of ownership over the property; at his request he was introduced by the agent to complainants and other tenants of the premises, as the owner and landlord, although the leases were signed in the name of Miss Klein. The rents were paid to Lemberger, or his wife, and he paid the interest and installments on the mortgage and other fixed charges in cash.

He offers no satisfactory explanation for contracting to sell this property which he claims belongs to Miss Klein; and states that his failure to perform the contract is due to Miss Klein's desire to retain the property as an investment.

At the conclusion of the hearing I announced that the evidence was convincing that Lemberger had placed title to the Amherst street property in Miss Klein for his own purpose and benefit, and that he had not made an actual sale and conveyance of this property to her for $800, or any other consideration, valuable or otherwise, passing from her to him; and that at the time he purchased the property in question, the purchase price therefor was paid by his Amherst street property, or by the pro-

ceeds of its sale, and not from money or property belonging to Miss Klein.

A careful consideration of the record convinces me that the announcement thus made was fully warranted, as it appears that, except for Lemberger's statement, there is no proof in the case, by checks, vouchers, bank books or accounts of the withdrawal or deposit in a bank, or other depository of $800, or any other amount of money, at or about the date named, by either Miss Klein or Lemberger. Nor is there any other evidence by Miss Klein, or any member of her family, to show that she ever had $800, or any other substantial sum of money, which she had saved from her earnings, or had obtained from any other source. Nor is there anything to show when and from whom Miss Klein obtained this $800, nor where she kept it, when and in what form she withdrew it, nor to show the time and place and form in which she paid it to Lemberger for the purchase of the Amherst street property, or for any other purpose.

The absence of this proof, some, if not all, of which could be obtained, if the transaction was as Lemberger states, coupled with the unexplained failure of Miss Klein to testify, satisfies me that Lemberger's testimony is false, and that he has not given his true and actual reason for placing title to the Amherst street property, and, also, to the property in suit, in the name of Miss Klein.

On behalf of Miss Klein it is contended that if these are the established facts, specific performance cannot be decreed, because there is no proof, in writing, as required by the statute of frauds, to establish an express trust in the property for the benefit of Lemberger. And this is so.

It is further contended that specific performance cannot be decreed because the title to the property is in Miss Klein, and not in Lemberger, the vendor.

This contention is supported by the general rule, recognized by all the authorities, and which rests on the reason that in such cases there does not exist a mutuality of obligation and remedy. *Van Doren* v. *Robinson, 16 N. J. Eq. 256; Richards* v. *Green, 23 N. J. Eq. 536; Public Service Corporation* v. *Hackensack Meadows Co., 72 N. J. Eq. 285.* But this, like all other general

rules, is subject to exceptions; one of which is, that specific performance will not be denied because the naked legal title is outstanding in a third party, who is a party to the suit, but not a party to the contract which was executed by the owner of the equitable title. *McDonald* v. *Youngbluth, 46 Fed. Rep. 836; Hyde* v. *Kelley, 10 Ohio 215.*

And this exception also arises in those cases where, if title is not shown in the vendor, it is shown in those whom he has a legal or equitable right, by virtue of a contractual or trust relation, to require to join in the conveyance. *Fry Spec. Perf. 431; Shreck* v. *Pierce, 3 Iowa 350; Kuhn* v. *Eppstein, 219 Ill. 154.*

In the present case we have no proof of such contractual relation, but we have satisfactory proof of facts that create, or cause to arise, by implication of law, a trust relation between Lemberger and Miss Klein, that brings the case within the exceptions mentioned; for the evidence clearly establishes that the purchase price of the property, in excess of the amount obtained from the mortgage loan, was paid by Lemberger's Amherst street property, or the proceeds of its sale, and not from any property or money actually belonging to Miss Klein, and that it was Lemberger and not Miss Klein who actually purchased and paid for the property and caused the title thereto to be placed in her name. Lemberger, having paid the consideration, is deemed the actual owner of the property, as the beneficial estate follows consideration and attaches to the party from whom the consideration comes. *3 Pom. Eq. Jur.* § *1037.* The consideration in the present case having come from Lemberger, the law implies a trust—a resulting trust—in his favor and in favor of those claiming under him, and regards Miss Klein as trustee of the legal title for his benefit. *Depuyster* v. *Gould, 8 N. J. Eq. 474; Johnson* v. *Dougherty, 18 N. J. Eq. 406; Cutler* v. *Tuttle, 19 N. J. Eq. 549; Young* v. *Young, 45 N. J. Eq. 27; Down* v. *Down, 80 N. J. Eq. 68; Andrews* v. *Andrews, 84 N. J. Eq. 375.*

In *Young* v. *Young, supra,* Chancellor McGill held that a contract for the sale of lands may be specifically enforced against an alienee of a vendor, when such alienee has accepted a conveyance without having paid valuable consideration for it. And, in the

enforcement of a resulting trust, the trustee may be compelled to specifically perform the trust by conveying the lands, the subject of the trust, to the *cestui que trust* or to his vendee.

A resulting trust in the property having been found in favor of Lemberger, the vendor, a decree will be advised for the specific performance of the contract.