RICHARD DORISON, RESPONDENT, v. IRVING SHULTZ ET UX. ET AL., APPELLANTS.

Submitted October 30, 1931—Decided May 16, 1932.

For the appellants, *Saul Nemser* and *William L. Rae.*

For the respondent, *John D. Pierson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This is an appeal from a summary judgment entered upon an order striking out the answer of the defendants in a suit brought to recover a deficiency upon a bond, executed and delivered by them to the plaintiff, after the foreclosure of the mortgage given to secure the payment of the same. Dorison, the present plaintiff and the complainant in the foreclosure suit, attended the sheriff's sale and bid in the property for $100. The amount of the bond which the mortgage was given to secure was $15,000. He seeks by the present suit to recover the sum of $16,500, which is the amount of the deficiency, with interest. The answer filed in the case set up as a defense that on the day of the sheriff's sale under the foreclosure decree it was agreed between the plaintiff and the defendants that the latter would not bid at the sale and that the plaintiff should be allowed to buy in the property at as low a figure as he was

able; and that, in consideration of the agreement on the part of the defendants not to bid, the plaintiff promised that he would not hold them liable for any deficiency arising on the sale. The answer further set up that, in accordance with this agreement, the defendants refrained from bidding, and that as a result thereof the property was bought in by the plaintiff for a nominal amount. The plaintiff, claiming that these facts, which were set up in the answer, did not constitute a legal defense, moved to strike the answer out. The matter came on to be heard before one of the members of the Supreme Court sitting in chambers, and he granted the motion, holding that, although the matters contained in the affidavits submitted on the part of the defendants in support of their answer presented questions of fact which, if they constituted a valid defense, would clearly take the case to the jury, yet those facts did not constitute a legal defense to the deficiency suit, for the reason that the law does not tolerate any influence likely to prevent competition at a public sale had pursuant to a judicial mandate; and that, where the transaction has been carried through pursuant to such an unlawful agreement, the law will not aid either party as against the other, but will leave both where it finds them.

It is true as a general rule that the law does not tolerate any influence likely to prevent competition at a judicial sale, and it is so stated in 35 *Corp. Jur.* 39, which the justice cites as authority for his conclusion. But this rule is not of universal application. The author of the article in *Corp. Jur.*, in discussing the extent and limits of the rule, makes this statement (on *p.* 41) : "Where all the parties in interest enter into an agreement to restrict the bidding, the reason for the general rule does not apply, and such agreement is not against public policy. * * * Persons who by virtue of liens or otherwise have an existing interest in the property to be sold may lawfully combine together for the protection of their interests, and may even expressly agree not to bid against each other in furtherance of a plan to conserve their rights, provided their activities in so doing do not operate to exclude any of the general public from bidding." In the

present case the agreement was beneficial to the parties because it reduced materially the costs which would be incurred at the sale if a large amount had been bid on the property. It, of course, had no effect as a restraint upon the general public, any person not a party to the agreement who desired to be a bidder at the sale not being prevented by it from carrying that desire into execution. And this view of the limitation upon the general rule was adopted by our Court of Errors and Appeals in the case of *DeBaun* v. *Brand,* 61 *N. J. L.* 624. In that case it was held that persons who, by virtue of lien or ownership, or otherwise, have an existing interest in the property to be sold do not come within the spirit and reason of the general rule; that incidental to their interest in the property is the right to employ all fair means for the protection of such interest, and to this end to make such honest bargains as their interests seem to require * * * and that the general rule, when judged by its own spirit and reason, does not extend to the case of a party with an existing right to be protected at a judicial sale whose agreement was for the protection of such right and not for the purpose of cheapening the sale, and that this was the correct rule even where the arrangement entered into for the protection of the right might incidentally lessen competition at the sale.

Tested by the doctrine laid down in *Corp. Jur.* and followed by our court in the case cited, we conclude that the answer should have been permitted to stand as setting forth a valid defense to the suit; and that the order striking it out and the judgment for the plaintiff entered pursuant thereto should be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 13.