The bill is to reform a contract for the sale of land and to specifically enforce it. The motion is to dismiss the bill.
It is alleged that the defendants, The Lesire Corporation and Wyoming Heights, Incorporated, were the owners of a lot in Maplewood; that the Wyoming Heights, Incorporated, entered into a written contract to sell it to the complainant for a second mortgage of $27,000 on property in Brooklyn and a $4,500 collateral mortgage on the lot; that a search discloses the record title to the lot is in The Lesire Corporation; that upon being informed, the two companies by their attorneys and agents, advised complainants' attorney that the deed to the lot would be executed by The Lesire Corporation and *Page 199 
further directed him to assign the Brooklyn mortgage to that company, and that they also submitted a form of the $4,500 collateral mortgage made out to The Lesire Corporation. It is "declared" that the directors and officers of the two companies are identical. The prayer is to reform the contract by substituting the name of The Lesire Corporation for Wyoming Heights, Incorporated, and, as reformed, that The Lesire Corporation be decreed to perform.
In Gross v. Yeskel, 98 N.J. Eq. 64, it was held that a "contract for the sale of land will not be reformed in respect of matters required by the statute of frauds to be in writing, and then enforced." On affirmance, 100 N.J. Eq. 293, the first headnote reads: "Equity will not in one proceeding grant reformation of a contract and specific performance." This court did not voice that doctrine, nor did the court of errors and appeals hold it to be the practice. Procedure was not in question. Wirtz v. Guthrie, 81 N.J. Eq. 271, cited by the upper court, is authority only for the proposition that equity will not, in order to make it enforcible, reform an executory contract to the requirements of the statute of frauds by interpolating matters omitted by mistake, for, "first to reform and then to decree an execution of it would be virtually to repeal the statute of frauds." Attorney-General v. Sitwell, 1Y. C. Ex. 559; 160 Eng. Rep. 228, 238. Reformation and enforcement to prevent or relieve against fraud may be decreed in a single suit.
Fraud is not an element, and the promise of the attorneys that the owner company would make title, and their conduct in preparing for the event are of no binding force.
The bill simply charges that the non-owner company made the contract. Equity cannot substitute the owner company's name and bind it. The fact that the two companies are manned by the same officers does not mean identity of stockholders and identity of corporate entity which, perhaps, if established, would warrant a decree of specific performance against both companies, in analogy to the exception to the rule that the vendor, by virtue of a contractual or trust relation, may require the holder of the legal title to join in the *Page 200 
conveyance. Specific performance may be decreed against the vendor and the holder of the legal title. Sayre v. Lemberger,92 N.J. Eq. 373. The bill is not, however, presented on that theory. It cannot be entertained in its present form and the motion to dismiss must prevail.