On March 1st, 1925, complainant conveyed the lands and premises in Ocean City, New Jersey, in question, to Goetz-Kassab Company, a New Jersey corporation, and received in part payment a purchase-money mortgage for $42,500, payable in five years. There was then existing a first mortgage of $25,000 so that the mortgage here in question was a second mortgage. In August of 1925, Goetz-Kassab Company entered into a written agreement with the Fidelity Corporation of New Jersey, the defendant herein, by which the Goetz-Kassab *Page 357 
Company agreed to sell to the defendant, and the defendant agreed to buy, the premises in question for $161,000. The written agreement of sale provided that such sum should be paid as follows: $8,000 in cash, $8,000 on September 1st, 1925, $15,000 on the settlement which was to take place on January 1st, 1926, and the buyer, the defendant herein, was to assume the existing first mortgage for $25,000 for four and three-quarter years and the existing second mortgage for $42,500 for four and three-quarters years, and to give seller a purchase-money mortgage for the balance to run for two years.
The Goetz-Kassab Company was represented by Bleakly, Stockwell and Burling, Esquires, and Joseph Beck Tyler, Esquire, represented the defendant, the purchaser of these premises. Mr. Bleakly was in charge of the settlement and had the deed for these premises prepared in his office, which deed as prepared did not identically follow the language of the agreement in providing for the assumption of the first and second mortgages by the purchaser. The language contained in the deed is:
"Subject to the payment of the principal and interest of a certain mortgage held by the Provident Mutual Life Insurance Company for $85,000. Dated November 3, 1924, the principal sum of which has been reduced to $25,000 given by Allen Corson and Howard S. Stainton; and also subject to the payment of the principal and interest of a certain second mortgage held by Fidelity Realty Company, for $42,500 dated March 1, 1925, given by Goetz-Kassab Company, which mortgage has been assigned to Oxford Bank and Trust Company."
Mr. Bleakly did not observe the circumstances that the language was different from the agreement but sent the deed to Mr. Tyler for his approval and it was approved by him and the settlement occurred by the execution of the deed and the other papers and the payment of the money as provided under the agreement in all respects.
The proofs show that no negotiations were had between Mr. Tyler and Mr. Bleakly touching any variation of the deed from the terms of the agreement and no negotiations or discussions of that character occurred between the principals. *Page 358 
The deed seems to have been executed by the parties under the supposition and belief upon the part of all that the deed followed the terms of the agreement of sale, whereas it did not identically follow them.
Complainant foreclosed the mortgage given to it by Goetz-Kassab Company for $42,500 and the defendant herein was made a defendant in the foreclosure proceedings. The record of this foreclosure was admitted in evidence at the hearing of this cause and discloses that the premises were sold to complainant therein at sheriff's sale for $100 and were subject to the existing first mortgage of $25,000.
The bill seeks a decree against the defendant for the deficiency due upon the bond accompanying this foreclosed mortgage, the complainant claiming that the defendant had assumed the payment of the mortgage and is the primary debtor upon its assumption agreement. The bill seeks a reformation of the deed so that the language contained in the agreement as to the assumption shall be embodied in the deed, if that be necessary, in order to enforce such a decree.
At the final hearing of this cause objection was made by counsel for defendant that the bill of complaint is multifarious; I think the objection was not a timely one, but even if I should feel called upon to decide the point I should be guided by an opinion just published by Vice-Chancellor Backes in the case ofSegal v. Lesire Corporation, 113 N.J. Eq. 198, wherein Vice-Chancellor Backes makes it clear that a bill is not objectionable for the reason alone that it seeks both reformation and enforcement of a contract. However, I do not believe that the deed requires reformation to entitle complainant to a decree against defendant.
The settlement which took place at the time of the execution of the deed as evidenced by the settlement statement in evidence, shows the consideration of $161,000 as named in the agreement with a credit for the sum of $42,500, the principal of the complainant's mortgage. Under the circumstances in this case, the language set out in the deed is sufficient respecting the assumption of the mortgage to substantially comply with the agreement, and in the absence of any proof that there *Page 359 
was any purpose of modifying the agreement, it must be assumed that the defendant took the premises subject to the payment of the mortgage in question which it thereby assumed in accordance with the terms of the agreement.
It is well established in this case that the defendant did not buy merely the equity of redemption because the deed recites the full consideration, and the settlement was made on the basis of the payment of that consideration by the assumption of the two mortgages, the giving of a purchase-money mortgage at the time of settlement, and the balance in cash. This mortgage in question having been taken as part of the consideration, the defendant is liable. The law is well established. Many of the cases bearing on the subject are collected and referred to by Mr. Justice Donges, for the court of errors and appeals, in the late case of Smith
v. Colonial Woodworking Co., 110 N.J. Eq. 418.
The complainant is entitled to a decree against the defendant for the amount of the deficiency in its foreclosure suit on the mortgage in question; but, the amount of this deficiency should be credited with the fair value of the mortgaged premises at the time of the sheriff's sale, less the amount of the prior encumbrances to which the premises were subject at the time of the sale under the complainant's mortgage. The allowance of this credit, I think, is in line with the principles stated in the recently decided cases of Baader v. Mascellino, 113 N.J. Eq. 189,
and Federal Title and Mortgage Guaranty Co. v.Lowenstein, Ibid. 200.
If the parties are unable to agree upon the amount of the credit, additional testimony may be taken before me to establish the fair value of the mortgaged premises at the time of the sale. *Page 360