The bill seeks to restrain the defendant from the prosecution of an action at law for a deficiency arising out of a foreclosure sale and a decree setting aside the sheriff's sale of the mortgaged premises and the confirmation thereof by this court, on four separate grounds, as follows: (1) an alleged agreement prior to the foreclosure sale between defendant and complainant for release from liability for deficiency if complainant refrained from bidding at the sale; (2) because of an announcement that the sale would be "subject to all municipal liens, if any, against the said premises and to such state of facts as an accurate survey might show;" (3) an allegation that the mortgaged premises are intrinsically worth more than the amount of the decree and inequitable conduct of the defendant in prosecuting a deficiency suit in view of the financial depression and lack of competitive bidding at the sheriff's sale; (4) because of the razing of building upon the premises immediately after sale resulting in the substantial diminution of the value of the premises.
The complainant purchased the mortgaged premises on January 2d 1924, from the defendant, for $26,000; paid $2,000 in cash on account of the purchase price and gave a purchase-money mortgage for the balance of $24,000. The decree in the foreclosure suit was for $25,730. *Page 506 
This matter came before the court (Vice-Chancellors Backes, Stein and Berry, sitting en banc) on the return of an order to show cause on May 9th, 1933, and was one of a number of similar causes brought on for hearing and argument on that day. The conditions and lack of competitive bidding at the sheriff's sale here involved are set forth in detail in Federal Title andMortgage Guaranty Co. v. Lowenstein, 113 N.J. Eq. 200, also heard and decided on May 9th. The court then held that the first reason above stated was without foundation in fact; that the second did not affect the bidding, and that the fourth was not a sufficient ground for restraining the action at law inasmuch as the affidavits submitted on the return of the order to show cause showed that the buildings razed had been condemned; were worthless and a menace to the public safety, and that the mortgaged premises were worth more without the buildings than with them.
This left for consideration only the third reason.
Estimates of value contained in the various affidavits submitted varied from $15,000 to $35,000. Upon the argument it appeared that the defendant (the mortgagee purchaser) had been offered $15,000 for the property since the sale and that he was prepared to accept the offer if permitted by the court to do so. The matter was thereupon continued for a period of two weeks within which the complainant was given the privilege of producing a better offer for the property, on condition that upon his failure to do so the order to show cause would be discharged and the bill dismissed, providing the defendant would credit the sum of $15,000 on its deficiency claim. On the adjourned return day counsel for complainant reported that he was unable to procure an offer in excess of $15,000 and thereupon an order was entered in accordance with the conditions imposed at the previous hearing, discharging the order to show cause and dismissing the bill of complaint. An appeal having been taken from that order these conclusions are written for that purpose. The action of the court in denying the relief sought by the bill and order to show cause was predicated upon the reasoning *Page 507 
and authorities set forth in Federal Title and Mortgage GuarantyCo. v. Lowenstein, supra. The power of this court to grant the relief prayed is not doubted but the prayer of the bill was addressed to the court's discretion and sought relief as a matter of equity and not of strict legal right. The order discharging the order to show cause and the restraint thereby imposed required the defendant to credit the sum of $15,000 on its deficiency claim, which it agreed to do. This, in our judgment, does complete equity to the complainant.
I am authorized by Vice-Chancellors Backes and Stein to say that they concur in this opinion.