Complainant, by its bill, seeks to recover a decree against defendants for the amount of deficiency remaining unpaid in respect of three bonds after foreclosure and sale of the mortgaged premises comprised in the mortgages given to secure the bonds. The suit is against the defendant Holden, who was the original obligor and mortgagor, and the defendant Feinberg, subsequent grantee of the mortgaged premises, who assumed payment of the mortgage debt.
The bill alleges the execution and delivery of the bonds and mortgages, the conveyance by the mortgagor Holden to Feinberg and the assumption of the mortgage debt by the latter; also that the decree in the foreclosure was for some $6,000 and that the premises were sold to complainant for $150; and asks decree for the amount due after crediting this sum of $150.
Answers have been filed by both defendants setting up (interalia) that the mortgaged premises were bought in by complainant at the foreclosure sale; that there was no other bidder but complainant; that because of the present general economic depression and lack of market for real estate there was no competitive bidding and the sale price of $150 was grossly inadequate and does not represent the actual value of the mortgaged premises; that the fair value of the premises bought in by the complainant mortgagee is equal or nearly equal to the amount of the debt for which the bonds and mortgages were given; that there should be credited against their liability for such debt not the mere sale price of $150 but *Page 539 
the actual fair value of the mortgaged premises acquired by the complainant; otherwise the complainant will receive in fact practically double the amount due it.
Complainant moves to strike this defense from each of the answers. It is the contention of complainant that the sale price is conclusive as to the value of the mortgaged premises and that defendants cannot be permitted to contest that price or value in this suit; that the only course open to defendants is to apply in the foreclosure suit to have the sale set aside.
There is no doubt but that this contention is essentially supported by the determination of this court in Snyder v.Blair, 33 N.J. Eq. 208, approved and affirmed by the appellate court in Currie v. Sisson, 34 N.J. Eq. 578. Those cases, however, were decided over fifty years ago, at a time when in one and the same suit the mortgagee was permitted to sell the mortgaged premises and enter decree for any deficiency resulting from such sale.
Present-day conditions necessitate change in the application of old principles and development of the principles — as is so well pointed out by Vice-Chancellor Berry in Fifth Avenue Bank v.Compson, 113 N.J. Eq. 152 (at p. 154), and Vice-Chancellor Bigelow in Baader v. Mascellino, Ibid. 189 (at p. 194). The principle laid down in the Snyder and Currie Cases, supra, was later overruled or modified by the appellate court inMinzesheimer v. Doolittle, 60 N.J. Eq. 394; 45 Atl. Rep. 611,
as pointed out in the Baader Case, supra.
The fundamental function of a court of equity is to prevent parties from accomplishing injustice and inequity whether the same is sought to be accomplished by the enforcement of technical legal rights or otherwise. Equity has steadfastly endeavored to disregard form and look only to the substance, and has not hesitated to restrain defendants from relying upon judgments and matters of record, where it would be inequitable to permit them so to rely.
That it would be unconscionable to permit a creditor to obtain double payment of his debt, is undeniable; that such would be the result of awarding to the creditor a decree for practically the full amount of the mortgage debt if he has *Page 540 
already obtained title and possession, for a mere nominal price, of mortgaged premises worth as much or more than the amount of the debt, is equally undeniable. For a court of equity to hold that under present-day conditions the public sale of mortgaged premises at a nominal price of $100, even though the sale be a public judicial sale, conclusively establishes the actual value of the premises, would prove justice not to be blind, but to be mentally incompetent.
It is indeed true that at law the record of such sale is conclusive upon collateral attack and can only be avoided by a direct proceeding to set aside the sale. Fischer v. Spierling,93 N.J. Law 167; 107 Atl. Rep. 420; Murray v. Pearce,95 N.J. Law 104; 112 Atl. Rep. 314; Vanderbilt v. Brunton Piano Co.,111 N.J. Law 596 (just decided by the appellate court). But assuredly it is the province of this court to prevent inequity and relieve against injustice, where such would be the result of the strict enforcement of technical legal rights.
Such relief may be afforded through the power of this court to control its own sales. Federal Title and Mortgage Guaranty Co.
v. Lowenstein, 113 N.J. Eq. 200. It is deemed that it may also be afforded through the power of this court to restrain a party from enforcing a legal position which he has acquired, where it would be inequitable and unconscionable to permit such enforcement.
A complainant may maintain bill in equity to restrain the holder of a judgment at law from proceeding to enforce that judgment, where the judgment has been obtained by fraud or other inequity. The complainant is not required to go to the law court and ask to have the judgment opened and a new trial had. Equally well, it would seem, may a party to a suit in equity ask this court to restrain, or to refuse to permit, his adversary from enforcing a position which he holds upon the strict legal record — where such enforcement would be against equity and good conscience. Cf. Minzesheimer v. Doolittle, supra.
Particularly is this true where, as in the instant case, complainant is asking the aid of equity; and may properly have *Page 541 
imposed upon him, as a condition to the granting of that aid, the requirement that he do equity. Baader v. Mascellino, supra.
It is another province of equity to avoid circuity of action and multiplicity of suits. The issue of the actual value of the premises concerns only the complainant and the defendants in this suit, who are all before this court in this suit. To compel the defendants to institute another proceeding in this court (in the former foreclosure suit) against the present complainant, in order to bring that issue before this court, would result in no benefit to anyone; the sole result would be the delay, trouble and expense of the additional formal, useless, legal proceeding. Everyone, and everything, necessary to a proper determination and a proper decree, are already before the court. Defendants should not be compelled to go out and around and enter again by another door. No such futile proceeding was required in Fidelity RealtyCo. v. Fidelity Corporation of New Jersey, 113 N.J. Eq. 356.
It will not be required in the instant case.
Complainant further argues, in support of its motion to strike as against the original obligors, that being sureties they are liable to complainant for the full amount of the decree and are not entitled to any credit for the value of the property; that their proper course and duty was to pay the mortgage debt and take over the security (the mortgaged premises) held by complainant. This contention is unsound.
Doubtless the sureties might well have paid the mortgage debt and taken over the mortgaged premises (for their security against the primary debtor, the subsequent, assuming grantee). This was, however, not done. The mortgagee proceeded to realize on the security — the mortgaged premises. To the extent of the value of that which it thereby acquired, the mortgagee received payment on account of the mortgage debt; it cannot proceed against the surety any more than against the primary debtor for any greater amount than the sum remaining due on the mortgage debt after crediting whatever it has received in payment. The surety has just as much of an equitable right as the primary debtor to have the fair *Page 542 
and equitable value of the premises which the mortgagee has acquired credited upon the mortgage debt.
If the complainant mortgagee offered or tendered to the surety a deed for the mortgaged premises, a different situation would exist, and in such case possibly the surety might be required to take the deed and submit to a decree against him for the full mortgage debt. No such situation, however, is here presented. The mortgagee has acquired title to the mortgaged premises; it does not offer to surrender it, the defendants do not seek to compel it to surrender it; all they ask is that inasmuch as the mortgagee has acquired it and still retains it, the fair actual value thereof shall be deducted from the amount of the decree which the mortgagee seeks to obtain against them (as the amount of debt remaining unsatisfied).
The motions to strike will be denied.
Defendant's application to amend the answers by setting up more definitely the actual value of the mortgaged premises at the time of the sale to complainant, will be granted.