## J. J. HOCKENJOS COMPANY, A CORPORATION, PLAINTIFF, v. JOSEPH LURIE, DEFENDANT.

Decided June 14, 1934.

For the plaintiff, *Burnett & Trelease*.

For the defendant, *Harry Levin* (by *Milton Unger*).

HARTSHORNE, S. C. C. On this suit for deficiency on a mortgage bond, plaintiff moves to strike a series of defenses interposed, on the ground that same are *res adjudicata*, by reason of previous litigation between the parties, hereinafter set forth and also because of insufficiency in point of law. Of its separate defenses, the defendant has abandoned his first, second and fourth. The remainder are substantially that (1) plaintiff's announcements on the foreclosure sale were misleading and depreciated the sale price; (2) that plaintiff razed the buildings on the lands and thus prevented defendant from regaining possession of same on redemption, and (3) that

plaintiff agreed with defendant not to sue for a deficiency if defendant refrained from bidding at the sale, which he did.

Not only have these parties participated in the foreclosure proceedings, but when the sale thereunder brought only a nominal amount, defendant, Lurie, filed his bill in chancery to set aside the sale, enjoin the instant suit, already instituted, and for other relief. In that bill Lurie set up, as grounds for relief, the very defenses here involved. Chancery found that $15,000 was the fair value of the mortgaged premises at the time of the sale and before the razing of the buildings, and directed that such sum be credited upon the amount due on foreclosure in lieu of the nominal sale proceeds. In its opinion (*Lurie* v. *J. J. Hockenjos,* 113 *N. J. Eq.* 504; 167 *Atl. Rep.* 766) the court expressly ruled on and dismissed each and all of the above defenses herein relied upon, but the court added: "The action of the court in denying the relief sought by the bill and order to show cause was predicated upon the reasons and authorities set forth in *Federal Title & Mortgage Guaranty Co.* v. *Lowenstein, supra* (113 *N. J. Eq.* 200; 166 *Atl. Rep.* 538—same being grounds different from the above defenses). The power of this court to grant the relief prayed is not doubted, but the prayer of the bill was addressed to the court's discretion."

This decision was appealed to the Court of Errors and Appeals, which affirmed the decision of the Court of Chancery, in *Lurie* v. *J. J. Hockenjos,* 115 *N. J. Eq.* 304; 170 *Atl. Rep.* 593. It was doubtless to the above quoted portion of the chancery opinion to which the Court of Errors and Appeals alluded in saying: "We might well affirm the order for the reasons given in the opinion of the court below." After alluding to the fact that in chancery "the matter was heard on affidavits," and to Lurie's objection thereto, that the court "determined the cause without a hearing and trial," the Court of Errors and Appeals holds that Lurie's bill is not a collateral attack on the foreclosure, but "that the real purpose of the bill is to reopen the earlier foreclosure proceedings," *i. e.,* that the bill was "a bill of review," in which Chancery did equity by the Hockenjos company's consent on the pleadings, without the necessity of final hearing, by

granting Lurie all he could ask, to wit, the full and fair value of the property.

Such being the situation, the question is, whether the adverse opinion of chancery on Lurie's bill, as to the merit of his defenses in this suit, is *res adjudicata.*

The language of the chancery opinion is clear, and were the question to rest there, the answer would be equally clear. The difficulty lies in the fact that the decision of the highest court in this state, binding both upon this court and chancery, has expressly adjudicated that Lurie's chancery bill was a mere "bill of review * * * to reopen the earlier foreclosure proceedings," equivalent to a rule for a new trial at law. If so, while chancery may have discussed various matters, it can have adjudicated nothing but what was involved in the review of the foreclosure proceedings. Clearly, the propriety of the announcements by the Hockenjos company at the foreclosure sale were so involved, since the question before the court was the propriety of the sale and its proceeds. The decision by chancery, that such defense "did not affect the bidding," and was hence immaterial, is, therefore, *res adjudicata.* This is quite regardless of the fact that Lurie, having obtained the full and fair value of the premises as a credit, cannot be at all prejudiced, no matter what occurred at the sale. Such defense is, therefore, stricken.

The next defense is that the Hockenjos company razed the buildings on the lands sold. The propriety thereof could not well have been adjudicated on a review of the foreclosure sale, since the razing did not occur until after the sale. Its inclusion in the chancery opinion is not determinative. It is the decree, and not the opinion, which governs, the opinion being merely explanatory of the decree. *Mullaney* v. *Mullaney,* 65 *N. J. Eq.* 384; 54 *Atl. Rep.* 1086. Nor does the submission of an issue by the parties to the suit on affidavits make the court's opinion on same necessarily an adjudication. The Court of Errors and Appeals holds that same neither were, in fact, nor could be, in law, adjudicated under the circumstances. *Lurie* v. *J. J. Hockenjos Co.,* 115 *N. J. Eq.* 304; 170 *Atl. Rep.* 593; *Metropolitan Lumber Co.* v. *Fordham Bank,* 104 *N. J. Eq.* 248; 144 *Atl. Rep.* 879. In the

light of the opinion of the Court of Errors and Appeals, we are constrained to consider the opinion of chancery in that respect as *obiter dicta*. Obviously, *obiter dicta* cannot be *res adjudicata* from the very definition of the terms.

But even so, Lurie cannot be affected by the company's razing of the buildings, unless and until he redeems, which he has so far failed to do, though the company has given him such opportunity for a considerable period. He has no right whatever in the land now. Such right will not arise until after the entry of the deficiency judgment in this suit. *Wolf* v. *Schlichting*, 111 *N. J. Eq.* 619; 161 *Atl. Rep.* 840; 3 *Comp. Stat.* 1910, *p.* 3422. The company, therefore, should not be deprived of its right to take judgment, if Lurie's rights can be protected otherwise, particularly where the company has dealt with its own property, confirmed to it by chancery, and in a way which will affect Lurie not at all, unless the latter radically alters his tactics. Lurie's rights in that regard can be adequately protected, and without depriving the company of its rights, by setting up the razing of the buildings as a credit on the defiiciency, on Lurie's bill to redeem, or in a subsequent action for waste. 23 *C. J.* 789, 855; *Gore* v. *Jannis*, 19 *Me.* 53; *Oakman* v. *Walker*, (*Vt.*), 38 *Atl. Rep.* 63; *O'Connor* v. *Bank* (*Ala.*), 22 *So. Rep.* 902. This defense will, therefore, be stricken.

As to the final defense, that the company agreed not to sue for a deficiency, in consideration of Lurie's agreeing not to bid at the foreclosure sale, which agreement Lurie performed, same is clearly a valid defense at law. *Dorison* v. *Schultz*, 109 *N. J. L.* 247; 160 *Atl. Rep.* 497. The question, therefore, is whether the opinion of chancery, that same "was without foundation in fact," is *res adjudicata* here. Clearly, whether or not plaintiff broke his agreement not to sue for deficiency, has nothing to do with the propriety of the foreclosure sale, the sole question before chancery, according to the opinion of the Court of Errors and Appeals. It can only affect the action of the parties in this suit or hereafter. According to the Court of Errors and Appeals, the opinion by chancery in this regard was but *dicla*, not *res adjudicata*. Since this defense is a proper one to such a suit as the present, the motion to strike same is denied.