The facts appearing from the bill of complaint, admitted on this motion, are that in October, 1932, a final decree was entered in a foreclosure suit wherein the defendant in this suit was the complainant and the complainant in this suit, and others, were defendants, by which it was adjudged that there was due to the complainant therein the sum of $8,543.81 on its bond and mortgage and directing a sale of the mortgaged premises; that at such sale on January 3d 1933, the mortgagee-complainant purchased the premises for $100; that on the day of said sale there were no bidders other than *Page 403 
the complainant and that in practically all instances sheriff's sales conducted on that day resulted in the purchase of the mortgaged premises by the mortgagee-complainant upon nominal bids irrespective of the value of the property and irrespective of the amount of the decree; that such condition was due to the economic depression because of which there were no bids, and would-be purchasers, including the defendants in that suit (the complainant here), could not raise funds through the customary channels to put them in a position to bid at all on the property sold, and that this condition was general and affected all judicial sales. As a result of the said decree and sale, there remained due to the complainant mortgagee in that suit, upon the bond which was secured by the mortgage therein foreclosed, the sum of $8,778.54. Shortly thereafter the Lawyers' and Homemakers' Building and Loan Association brought suit in the New Jersey supreme court against the complainant here for the amount of said deficiency, to which suit this complainant interposed an answer claiming the benefit of the act entitled "An act to amend an act entitled `An act concerning the proceedings on bonds and mortgages given for the same indebtedness and the foreclosure and sale of mortgaged premises thereunder,' approved March 12th, 1880" (P.L. 1933 ch. 82 p. 172). During the pendency of said action at law, said statute was declared to be unconstitutional.Vanderbilt v. Brunton Piano Co., 111 N.J. Law 596. As a result of that decision, this complainant's answer to said law suit was stricken and judgment entered therein for the full amount of the plaintiff's claim plus interest and costs amounting in all to $9,521.48. Execution thereon was immediately issued and the sheriff of Essex county levied upon the household furniture of this complainant. The bond which was secured by the above-mentioned mortgage was in the sum of $26,000, conditioned to pay the sum of $13,000. At the date of foreclosure the mortgage debt had been reduced to less than $9,000. The mortgaged premises at the time of the execution of said bond and mortgage had a value of $18,000 and *Page 404 
at no time since that date have the premises been worth less than $9,500. By this bill complainant seeks to restrain proceedings under the execution on the judgment at law and a decree determining that the complainant is entitled to a credit upon the foreclosure decree of the fair value of the mortgaged premises at the date of the sheriff's sale, and restraint against other proceedings by the defendant mortgagee upon any claim for deficiency arising out of said foreclosure proceedings.
The defendant has moved to strike the bill on the ground that the court of chancery is without jurisdiction to entertain this suit or grant any relief herein; that the bill does not set forth an equitable cause of action, and that it is a collateral attack on a decree of this court entered in the foreclosure suit and of the order of confirmation of the foreclosure sale; but so far as this court is concerned, the question of jurisdiction and that touching the right of the complainant to relief in this court on the facts stated is entirely settled. Federal Title and MortgageGuaranty Co. v. Lowenstein, 113 N.J. Eq. 200; United Buildingand Loan Association v. Newman, Ibid. 244; Better Plan Buildingand Loan Association v. Holden, 114 N.J. Eq. 537; Lurie v.J.J. Hockenjos Co., 113 N.J. Eq. 504; affirmed, 115 N.J. Eq. 304.
The bill in Lurie v. Hockenjos was similar in purpose to the present bill and was considered by the court of errors and appeals as one not collaterally attacking a decree of this court, but as a bill in the nature of a bill of review maintainable as a matter of grace and not of right, and that the real purpose of the bill was to reopen the earlier foreclosure proceedings and order confirming the sale. And so the present bill will be considered, although procedure by petition to open final decree and order to show cause, the modern substitute for bill of review, is probably the better practice. Cameron v. PennMutual Life Insurance Co., 116 N.J. Eq. 311. The necessity of the present bill arises from the complainant's reliance upon the efficacy of the act of the legislature above referred to in his defense to the action at *Page 405 
law against him for deficiency. Except for such reliance he would have applied to this court for relief. In Better Plan Buildingand Loan Association v. Holden, supra, Vice-Chancellor Buchanan said:
"A complainant may maintain a bill in equity to restrain the holder of a judgment at law from proceeding to enforce that judgment, where the judgment has been obtained by fraud or otherinequity." (Italics mine).
That the defendant's judgment at law resulted from an inequity seems plain. This complainant's defense to the law action having been stricken as a result of the unconstitutionality of the statute relied upon, the law court had no alternative but to enter judgment for the full amount of the deficiency on the chancery decree. The law court had no way of determining that any less sum than the apparent deficiency on the decree was then due the plaintiff in the law action, and judgment for the full amount of the deficiency claim was accordingly entered. Had this complainant applied to this court for relief before confirmation of the sale, or even after confirmation on proceedings to reopen the decree, it would have been granted. What the court then could have done it still can do. There is no doubt but that the complainant's bill, which is duly verified, states an equitable cause of action. No answering affidavits are filed and, under the circumstances, the complainant is entitled to restraint against the proceedings under the judgment at law pending final hearing.
On filing the bill an order to show cause with preliminary restraint was issued. On the return of that order to show cause, and upon the denial of the motion to strike the bill, the defendant moved for an order requiring the complainant to post security as required by section 64 of the Chancery act. 1 Comp.Stat. p. 434.
The amount of the real debt due from the complainant to the defendant remaining after a credit of the fair value of the mortgaged premises on the deficiency judgment being uncertain, a reference to a master was had to determine such fair value as a preliminary to fixing the amount of security to *Page 406 
be required. The master has reported that fair value as of January 3d 1933, the date of the foreclosure sale, to be $10,000 and motion is now made on behalf of the complainant for confirmation of the master's report and this motion is resisted on behalf of the defendant. At the time of making the order of reference I was of the opinion that security sufficient to cover the difference between the fair value of the mortgaged premises at the time of the foreclosure sale and the amount due on the deficiency judgment ought to be required. On further consideration, however, I have concluded that, in so holding, I was in error and that in view of the nature of this proceeding no security whatever should be required. The statute (section 64, Chancery act — 1 Comp. Stat. p. 434) was not intended to apply to cases of this kind and will not be applied where inequity would result. The action at law resulting in this judgment is not the ordinary "personal action" at which section 64 is directed. It is statutory procedure and part and parcel of the proceedings to collect the mortgage debt and, upon the entry of the judgment, the foreclosure proceedings and the sale were opened for the purpose of redemption. 3 Comp. Stat. p. 3422 § 49. Moreover, the judgment creditor already has security (the mortgaged premises) and unjustly refuses to credit its value against the debt. Section 64 manifestly refers to unsecured judgments at law, originating at law and not in equity. The defendant's judgment arises from an inequitable use of a decree of this court. Equity will not suffer a wrong without a remedy. Of course, a judgment at law properly obtained and unaffected by any dominant equity should be afforded the protection designed by the section referred to, but this court is not so impotent as not to be able to right a wrong resulting from the misuse of its own decree. That its decree has been used as the basis of an unjust judgment, and that the enforcement of that judgment would result in the defendant building and loan association obtaining a double satisfaction of its debt is apparent from the face of the bill. An ancient equitable maxim is that "equity will not suffer a *Page 407 
double satisfaction to be taken." Fr. Max. Eq. (2d. ed. 1739)41. Its antiquity is no reason for refusing its modern application. But irrespective of the application of section 64 of the Chancery act to this proceeding, in view of the master's report fixing the value of the premises on the day of the foreclosure sale in excess of the amount of the deficiency claim, and also in excess of the amount of the subsequent judgment at law, no security should be, and none will be, required.