Ronald H. Mascarini, complainant,

*v.*

Edward Rapczynski et al., defendants.

[Decided December 12th, 1934.]

*Mr. Russell E. Greco,* for the complainant.

*Mr. James L. McKeon,* for the defendants.

Egan, V. C.

This matter comes before me on a motion to strike the bill of complaint for five reasons. I shall consider but two of them, they being paragraphs four and five, which, respectively, are as follows: "(4) That the subject-matter in dispute has been adjudicated by a decree of the court of chancery dated July 16th, 1934. (5) That the various assignments set forth in the bill of complaint were made after the decree of the court of chancery was entered dated July 16th, 1934."

The complainant bases his right of action against the defendants as the assignee of the Eagle Investment Company,

which, in turn, is assignee of Joseph Kulpa, who obtained a judgment against the defendant Edward Rapczynski for $1,059.93 damages and $54.02 costs; and, also as assignee of the said investment company, which, in turn, is assignee of Anarsio Amabile, of a claim for $227.71 due under a promissory note from the said Edward Rapczynski; and, again, he is assignee of the said investment company, which is assignee of Russel E. Greco (the complainant's counsel), who held a judgment against the said Edward Rapczynski for $274.24 damages with costs of $17.91.

The complainant's assignor, the said Eagle Investment Company, was a party defendant in the suit in this court in which Stanley Rapczynski was complainant; it was decided in favor of the complainant April 11th, 1934. The case is reported in *12 N. J. Mis. R. 801,* and an examination of the reported opinion will indicate why the motion of the defendants in this proceeding to strike the bill should prevail. In the former suit, the counsel of complainant herein was also counsel of the defendant Eagle Investment Company; he, of course, is familiar with the facts and circumstances involved in that suit. He knows that the subjects of the said assignments to the complainant herein, upon which the pending suit is based, were in evidence and constituted part of the defendant's case in the former suit. By this proceeding, instituted in the name of the complainant, counsel now attempts to resurrect and review an issue involving no new matter whatever, but, on the contrary, composed entirely of the same considered and determined facts—facts heretofore regularly decided and judicially decreed. In brief, the Eagle Investment Company, the defendant in the former suit, assigns its litigated interest to the complainant herein. The final decree in that suit is dated July 16th, 1934, while the assignments to this complainant were subsequently made on August 1st, 1934. The only difference appearing between this and the former suit is the title of the cause; and mere change of title of a cause effects no magical transformation in its facts. After the said decree was signed the defendant filed a petition for a rehearing. It was argued; a rehearing was denied. It then filed

a notice of appeal; for no apparent reason, it failed to prosecute it. In my opinion the present suit is without merit and is clearly a subterfuge to circumvent the decree of this court in denying the application for a rehearing, and, again, to overcome the added failure to prosecute the appeal. *Willoughby* v. *Chicago Junction Railways, &c., Co., 50 N. J. Eq. 656; 25 Atl. Rep. 277*. Equity will not suffer a double satisfaction to be taken, *Fr. Max. Eq. (2d ed.—1739) 41; Meranus* v. *Lawyers and Homemakers Building and Loan Association, 116 N. J. Eq. 402; 174 Atl. Rep. 150;* nor will it countenance an unwarranted review. It regards that as done which ought to be done. The maxim of "he who comes into equity, must come with clean hands," applies with all its force to the pending matter.

The defendants interpose the doctrine of *res judicata*. The complainant's counsel argues that the defendants herein cannot assert that doctrine, alleging and maintaining that there is absent from this suit—first, identity of the things sued for; second, of the cause of action; third, of the quality of the persons against whom the claim is made; and fourth, the judgment in the former suit is not in point to control the issue in the pending action. He relies upon the case of *Smith* v. *Fischer Baking Co., 105 N. J. L. 567; 147 Atl. Rep. 455*. The counsel is in error. Every principle of *res judicata* necessary to be present in order to defeat the pending suit appears in this case. In the former suit, and in this pending suit, there is identity of the quality of the persons against whom the claim is made; there is identity of the cause of action; the decree in the former suit is in point to control the issue in the pending suit. The complainant herein as assignee of a former defendant, the Eagle Investment Company, is a privy of that defendant and possesses the same, and no greater, rights of his assignor, and he stands in the "shoes" and occupies the identical position of that defendant; he took the assignments subject to all the existing equities, and is charged with notice thereof. *Mann* v. *Bugbee, 113 N. J. Eq. 434; 167 Atl. Rep. 202*.

I shall advise a decree granting the motion of the defendants.