Mr. Evens, the defendant in this cause, was the owner of a farm near Marlton, Burlington county, New Jersey; in 1927 he conveyed it to Dr. J. Lynn Mahaffey, one of the complainants herein, for $45,000, of which $15,000 was paid in cash and $30,000 secured by a purchase-money mortgage. In addition to the consideration paid to Evens, Dr. Mahaffey *Page 435 
paid about $12,000 more for the premises, but this difference in consideration went to others who were interested in the agreement of sale. Shortly afterward, Dr. Mahaffey conveyed the premises to Marlton Farms, Incorporated, among whose stockholders are the complainants in this cause. A number of parcels of land were released from the mortgage held by defendant, and on January 19th, 1931, this mortgage was canceled and a new mortgage for $16,000 was given by Marlton Farms, Incorporated, to the defendant, covering the farm premises theretofore conveyed, except those lots which had been released. With this mortgage was a bond of Marlton Farms, Incorporated, upon which the complainants herein and others were sureties. This bond had annexed a warrant to confess judgment. Marlton Farms, Incorporated, conveyed a portion of the lands subject to this mortgage to Indiana Investment Company, by deed recorded October 3d 1932, which company mortgaged the same to North Camden Trust Company for $3,000 by a mortgage recorded October 6th, 1932.
On October 25th, 1932, the defendant herein filed a bill in the Burlington county circuit court to foreclose his mortgage of $16,000, naming as defendants, Marlton Farms, Incorporated, the owner of the lands, and the complainants and other sureties on the bond secured by the mortgage. Neither the Indiana Investment Company nor the North Camden Trust Company were made parties to the proceedings, despite their interest in the two parcels of lands theretofore conveyed by Marlton Farms, Incorporated. Answers were filed to this bill of complaint on behalf of the defendants, and the cause came on for final hearing before Judge Eldredge in the circuit court on April 5th, 1933, at which time a petition was presented on behalf of the North Camden Trust Company, the mortgagee of the two parcels of land mortgaged by Indiana Investment Company, to be admitted as a party defendant because of its interest in this subsequent mortgage; the motion was opposed by the solicitor of the defendant herein and the case proceeded without this defendant being admitted, Judge Eldredge holding that the rights of the North Camden *Page 436 
Trust Company would not be affected by the foreclosure, since its right had accrued prior to the commencement of the foreclosure proceedings.
Prior to these foreclosure proceedings, and sometime in 1931, the State of New Jersey had taken possession of a part of the lands and premises now under foreclosure, for highway purposes. The improvements by the state at the time of the foreclosure of the mortgage had not been fully completed nor had there been any condemnation proceedings by the state, nor had any agreement been made fixing the amount of money which should be paid in compensation for the lands taken. At the final hearing of this foreclosure before Judge Eldredge, certain stipulations were made in open court by the solicitor for the defendants therein and the solicitor for the complainants therein, which stipulations are as follows:
"It is stipulated between the complainant herein and the defendants, Marlton Farms, Incorporated, J. Lynn Mahaffey, Edward B. Mahaffey, R. Elmer Schall, Oscar H. Higginbotham and Joseph Giordano, that there is due to the complainant on the complainant's mortgage at this time the sum of $16,000 with interest at six per cent. per annum from January 19th, 1932, and it is further stipulated that if the condemnation proceedings by the State of New Jersey shall be completed before the sale of the premises under the proceedings herein or if an agrement should be entered into with the state, that the amount that is awarded or agreed to be paid for the strip of land lying between the right of way now or formerly for the Philadelphia, Marlton and Medford Railroad Company, which tract of land is one thousand four hundred and twenty-one feet in length and fifty-eight feet in width and which begins at a distance of three hundred and sixty-two feet more or less eastwardly from the intersection of state highway S-41 and state highway 40, shall be credited on the said final decree. If settlement under such agreement or condemnation is made subsequent to the sale, then the amount received shall be credited upon the amount due under the bond which is secured by the mortgage being foreclosed.
"It is further stipulated by the parties that judgment for *Page 437 
the deficiency of the said bond may be entered at any time within thirty days after the payment of the moneys under the said agreement or condemnation, provided such payments are made subsequent to the sale."
This stipulation did not affect the Indiana Investment Company nor the North Camden Trust Company, who were not defendants. The circuit court made a decree for the sale of the mortgaged premises and found the amount due to complainant to be the sum of $17,161.67. The mortgaged premises were sold by the sheriff on May 18th, 1933, to Evens, mortgagee, the defendant herein, for $520. Immediately after the sale, the complainants herein filed their bill in this court seeking to enjoin the defendant Evens from entering a judgment for deficiency upon several grounds, some of which have since been abandoned, leaving the following substantial grounds: That the value of all the lands included in the mortgage exceeds the potential deficiency, leaving no actual deficiency for which a judgment could justly be entered; that the mortgaged premises have not been exhausted by the foreclosure sale, thus preventing the entry of a deficiency judgment under the statute and discharging the complainants from their obligations as sureties because of the defendant's failure to exhaust his collateral; that the sale was inequitable and harsh to the complainants, sureties on the bond, in that the lands of Indiana Investment Company were intentionally omitted from foreclosure and sale by complainant.
The defendant herein was enjoined from taking proceedings against the complainants herein in any court for the collection of any deficiency, pending the determination of this cause.
It is undisputed that the mortgaged premises sold by the sheriff are worth more than the sum of $520, the amount for which they were sold to defendant herein. Several parcels of land were involved, and testimony was taken as to their value, including the lands taken by the State of New Jersey for highway purposes. A number of witnesses were called and considerable testimony given as to the fair value of these premises; two of the witnesses produced upon the part of *Page 438 
the complainants, Messrs. Baker and Cramer, realtors of experience in making appraisements, fixed a value on these premises, excluding the two parcels conveyed to Indiana Investment Company, of approximately $18,500. Their appraisements were made together and their testimony was substantially the same. On the part of the defendant, several witnesses were called, among whom was George B. Lippincott, the municipal assessor, who is a brother-in-law of defendant, who testified that the premises were worth $8,000 at the time of the sale under the mortgage foreclosure. Another witness for defendant, William H. Absolom, a real estate agent, residing in Mt. Holly, gave his appraisement of the value of the premises as approximately $8,300. Another real estate agent, A.H. Anderson, called on the part of the defendant, estimated the premises to be worth approximately $9,000. Other witnesses called on the part of the defendant testified to the sales prices that had been obtained for some other properties in the same vicinity. These premises, including the parcels that had been released, constituting but a small part thereof, had been sold in 1927 to Marlton Farms, Incorporated, for $57,500; the gap between what was paid for the premises at the sheriff's sale, $520, and the amount for which they were sold in 1927 is a large one, and it is difficult for a court to pass upon questions of present value. However, I have given careful consideration to the testimony of all the witnesses in the light of the circumstances as they appear to be, and have reached the conclusion that the fair value of the premises sold at the time of the sheriff's sale, was $13,750, including the land taken into possession by the State of New Jersey. The only testimony given as to the fair value of the two pieces of land conveyed to Indiana Investment Company and not included in the sale, was that of Messrs. Baker and Cramer, fixing that value at $1,855. Upon the equitable principles applied in the case ofFederal Title and Mortgage Guaranty Co. v. Lowenstein,113 N.J. Eq. 200, and Lurie v. J.J. Hockenjos Co., Ibid. 504, and in other somewhat similar cases following these, the defendant should be restrained from entering a deficiency judgment against the *Page 439 
complainants on the bond until the defendant agrees to allow a credit for the fair value of the whole mortgaged premises, less $1,019, with interest, representing the taxes to which the premises were subject at the time of the sale.
However, in view of the failure of defendant herein to exhaust the security under the foreclosure proceedings in the circuit court, it is doubtful whether there should be at this time a decree, except to the extent of enjoining the defendant from entering a judgment against these complainants until the exhaustion of the entire security of his mortgage by the sale of the two parcels of land conveyed to Indiana Investment Company.
The case presents further the question of the effect of the stipulation entered into between the parties at the time of the final hearing in the Burlington county circuit court. The proofs in this case disclose that the State of New Jersey had not, at the time of the sale of these premises by the sheriff, nor at the time of the hearing of this cause, taken proceedings by condemnation to acquire the lands referred to in the stipulation, and therefore no credit could be given on the final decree entered in the foreclosure proceedings, in accordance with the stipulation "that judgment for the deficiency of the said bond may be entered at any time within thirty days after the payment of the moneys under the said agreement or condemnation, provided such payments are made subsequent to the sale;" I therefore incline to the view that no judgment on the bond could be properly entered by confession against these complainants under the stipulation until the deficiency is determined as therein provided, and then within thirty days after the payment by the state. For these reasons, the defendant will be enjoined from proceedings against the complainants herein until such deficiency is determined. *Page 440