The bill seeks the restraint of two certain actions at law and the matter is now before the court on the return of an order to show cause why a preliminary restraint should not be continued. The suit of the building and loan association is the result of the following situation:
On June 10th, 1926, the D D Realty Company and others executed a bond and mortgage to the association in the sum of $75,000. The mortgage became in default and foreclosure proceedings were instituted. The Ocean Pier Realty Company had at that time succeeded to the title to the mortgaged premises. That company, the complainants and their predecessors in interest were then financially interested in the property and, as an inducement to a discontinuance of the foreclosure proceedings, entered into an agreement in the nature of a bond in effect guaranteeing and assuming payment of the mortgage which was then the subject of foreclosure. Thereupon the foreclosure proceedings were discontinued. The complainants defaulted upon their engagement; a second foreclosure suit was instituted (Usbe Building and LoanAssociation v. Ocean Pier Realty Corp., 112 N.J. Eq. 580), the property was sold by the sheriff in that proceeding and purchased by the building and loan association for $500. It is alleged that the property has an actual value of from $90,000 to $105,000. No answering affidavits disputing this allegation are filed. The engagement of the complainants was, in effect, a guarantee of payment of the bond and mortgage which was the subject of foreclosure. Thereafter the guarantors stood in the position of a grantee who had assumed payment of a mortgage. Their right to have the fair value of the premises credited on the *Page 477 
deficiency claim is the same as it would have been had they been the original obligors.
At the oral argument it was suggested that the complainants are not now entitled to relief because, although financially able to pay the mortgage, or protect themselves at the sheriff's sale, they neglected or refused to do so. The point is well taken — if supported by proof. The decision of this court in Federal Titleand Mortgage Guaranty Co. v. Lowenstein, 113 N.J. Eq. 200,
relied upon by complainant, was born of an emergency, but it established no general rule requiring the allowance of credit for the value of premises sold at foreclosure sale. Emergencies such as arose in the Lowenstein Case are essential to invoke the equities there stated. Those equities are well founded in principle, but may be invoked only by the distressed. The disappointed but affluent mortgagor may not take advantage of a rule designed to relieve distress during an emergency to avoid payment of his debt and unload his unprofitable land upon an unwilling mortgagee who is as much entitled to the protection of this court as is the mortgagor.
However, affidavits have been furnished indicating a complete lack of financial responsibility and complete inability on the part of the complainants to protect themselves at the sheriff's sale and no answering affidavits on this point are filed. I will advise an order restraining the suit of the building and loan association for deficiency unless and until the association credits upon its deficiency claim the fair value of the mortgaged premises acquired by it at the foreclosure sale.
With respect to the suit of Tepperman and New Arcade, Incorporated, against the complainants a different question is presented. The original mortgagor, D D Realty Company, conveyed the mortgaged premises to Tepperman, who gave back a mortgage which was subordinate to that of the association. Tepperman then conveyed to New Arcade, Incorporated, a company owned and controlled by him. New Arcade, Incorporated, assumed payment of the second mortgage, which was assigned to one Bloom who later assigned it to Nyma Company. That company filed a notice in the foreclosure suit to have its encumbrance reported upon and *Page 478 
the final decree fixed the amount due thereon. Prior to the foreclosure, New Arcade, Incorporated, had conveyed the premises to the complainant, Daniel J. Maher, who assumed payment of the existing mortgages and later conveyed to Ocean Pier Realty Corporation. The latter also assumed payment of the mortgages. (In Usbe Building and Loan Association v. Ocean Pier RealtyCorp., supra, it was stated that the intermediate grantees did not assume the mortgage. The proof here is that they did). The point is not material to the present issue, however, for on March 9th, 1929, an agreement was entered into between New Arcade, Incorporated, and Tepperman, on one part, and Daniel J. Maher, William J. Maher, George D. Bishop and Ocean Pier and Amusement Corporation, by which the latter assumed and agreed to pay the balance due on the mortgage made by Tepperman.
The Nyma mortgage was cut off by the sale in the building and loan foreclosure. The suit at law by Tepperman and New Arcade, Incorporated, against the complainants is for damages arising from the complainants' breach of their covenants to pay the Nyma mortgage and its ultimate effect would be to compel payment by them to the Nyma Company of the amount of its decree. Sparkman
v. Gove, 44 N.J. Law 252. The suit rests upon those covenants to pay and not upon the liability of the plaintiffs as sureties.Sparkman v. Gove, supra; Hoppaugh v. McGrath,53 N.J. Law 81; Algrod Realty Co. v. Bayerl, 10 N.J. Mis. R. 651; Bruen v.Tepperman, 116 N.J. Eq. 398.
It has been suggested that the suit ought to be restrained under the authority of the Lowenstein Case, supra, but the equities of that case cannot be invoked here. That decision was based in large part upon the ancient maxim that "equity will not suffer a double satisfaction to be taken." Fr. Max. Eq. (2d.ed. 1739) 41; and see Better Plan Building and LoanAssociation v. Holden, 114 N.J. Eq. 537. There is no double satisfaction here for the reason that the first mortgagee has the land; the second mortgagee has nothing but the bond. The order to show cause, so far as it relates to the defendants Tepperman and New Arcade, Incorporated, will be discharged and the preliminary restraint as to them will be vacated. *Page 479