The bill is to enjoin the defendant from the prosecution of an action at law in the State of Pennsylvania, based upon a judgment recovered in the supreme court of this state, for *Page 198 
a deficiency claim arising out of a foreclosure sale of mortgaged premises. The mortgage which was the subject of the foreclosure suit was in the sum of $3,000. It was foreclosed in the Ocean county circuit court and the defendant in this action, the plaintiff in the foreclosure suit, purchased the mortgaged premises at the foreclosure sale on June 15th, 1936, for $400. The sale was confirmed by the Ocean county circuit court and thereafter judgment for the deficiency on the bond resulting from said sale in the sum of $3,349.06 was entered in the New Jersey supreme court, apparently by warrant of attorney attached to the bond. In August, 1936, the mortgagee (the defendant here) brought suit in the common pleas court of Philadelphia county against the mortgagor (the complainant here) on the deficiency judgment previously obtained in the New Jersey supreme court. On August 8th, 1936, when judgment in the Pennsylvania action was imminent, this bill was filed.
The relief sought is an injunction against further proceedings on the New Jersey law judgment, and the prosecution of the law action based upon that judgment in the Pennsylvania court or any other court, unless and until the defendant credits upon the amount of the deficiency judgment the fair value of the mortgaged premises at the time of the foreclosure sale, on the theory ofFederal Title and Mortgage Guaranty Co. v. Lowenstein,113 N.J. Eq. 200, and Young v. Weber, 117 N.J. Eq. 242, and kindred cases. On the filing of the bill an order to show cause with temporary restraint was advised, and the matter now comes before the court on the return of that order to show cause. In support of the order to show cause counsel for complainant cites the unreported case of Kruse v. Community Building and LoanAssociation (Docket 99, page 684), and Mahaffey v. Evens,115 N.J. Eq. 434. Counsel for defendant contends that this court is without jurisdiction to entertain the bill, because there is an adequate remedy at law, and further, that the bill should be dismissed because of laches appearing on its face. An inspection of the file in Kruse v. Commonwealth Building and LoanAssociation, relied upon by the complainant, discloses that the decree entered in that case was a consent decree and the *Page 199 
case cannot, therefore, be considered as authority for the intervention of this court and the granting of the relief sought. In Mahaffey v. Evens, so far as the report of that case shows, the question now presented was not raised and the peculiar circumstances of that case probably justified the intervention of equity. Counsel for complainant has also referred me to Baader
v. Mascellino, 113 N.J. Eq. 189, as authority for this bill, but it is not. Counsel claims that the foreclosure there involved was had in the circuit court, but there is nothing in the report of the case to indicate that that is so.
The deficiency judgment there involved was entered in the circuit court, but irrespective of the court in which the foreclosure proceedings were had, the case is not applicable as that decree was based upon the equitable maxim that "he who seeks equity must do equity;" and it is a far different thing for the court of chancery to stay its hand in granting relief unless and until the applicant for such relief does equity than to grant affirmative relief such as is here sought. Complainant's argument in support of the order to show cause seems to be predicated upon the contention that the circuit court is without power to grant appropriate relief under the circumstances set forth in the bill of complaint, and that the court of chancery is the only court having such power. On the other hand, counsel for the defendant claims that the circuit court has complete power in the premises and this court none. Neither proposition, in my judgment, is correct. There is no doubt of the inherent jurisdiction of this court to give relief in matters of this kind if the circumstances justify it, but that jurisdiction is entirely discretionary, as is all of this court's inherent jurisdiction. The chancellor may exercise it or not, according as the prayer of the bill appeals to his conscience. On the other hand, there can be little doubt but that the circuit court also has jurisdiction to grant limited relief against deficiency claims arising out of foreclosure proceedings conducted in that court, but so far as I know, the extent of the chancery powers vested in the circuit court in foreclosure matters has never been determined by judicial decision. *Page 200 
Article 4, section 7, paragraph 10, of the New Jersey constitution provides that:
"The legislature may vest in the circuit courts, or courts of common pleas within the several counties of this state, chancery powers, so far as relates to the foreclosure of mortgages, and sale of mortgaged premises."
Pursuant to this constitutional privilege the legislature enacted (3 Comp. Stat. p. 3412 § 9):
"That in all suits for the foreclosure and sale of mortgaged premises, where all the mortgaged premises are situate in the same county, the circuit court of said county shall have the same jurisdiction and powers as the court of chancery has, or may have in like cases; and such circuit court shall proceed in the same manner as the court of chancery is or may be authorized to do, and shall be governed by the rules of the court of chancery, so far as the same are applicable; and said circuit court may issue subpoenas and all other lawful process into any of the counties of this state, and enforce obedience thereto."
As under this act the circuit court has "the same jurisdiction and powers as the court of chancery" in foreclosure cases, it is obvious that, to a certain extent, the jurisdiction of the two courts is concurrent; but a suit begun in one court will not be interfered with or controlled in any way by the other court. Where a litigant chooses one of two concurrent, forums, his proceedings must be concluded in the forum of his choice. Under the constitutional and statutory provisions above recited, the circuit court has as complete control over its orders and decrees in foreclosure matters as does the court of chancery in like cases. For an example of the exercise of this control, seeLaskowski v. Hromiec, 59 N.J.L.J. 317 (issue of September 24th, 1936), in which Judge Palmer set aside a foreclosure sale in order to permit redemption. It is conceived, therefore, that the complainant had the same right to object to the confirmation of the foreclosure sale here involved and to apply to vacate the order of confirmation when entered as he would have had if the foreclosure proceedings had been conducted in this court. And it is not doubted that upon a timely application to the circuit court for relief against a deficiency claim, the circumstances warranting *Page 201 
it, relief would be granted. This might properly be termed an equitable remedy at law, as the law court would be dispensing equity pursuant to chancery powers conferred by statute.
But while the circuit court has complete power to control its own order and decrees, as suggested, it does not have the same injunctive powers (independent of foreclosure proceedings) as the court of chancery, and could not issue an injunction to enjoin proceedings upon a judgment at law, or restrain the prosecution of an action at law. The jurisdiction and power of the court of chancery to do so cannot, however, be questioned. FalconBuilding and Loan Association v. Schwartz, 121 N.J. Eq. 27.
It was entirely proper, therefore, for the complainant to seek relief in this court by independent bill, but the relief granted under the circumstances should be limited to staying the prosecution of the Pennsylvania action until complainant has an opportunity to apply to the Ocean county circuit court for a vacation of its order confirming the foreclosure sale. InFruzynski v. Jablonski, 117 N.J. Eq. 117, the court of errors and appeals held that so long as the sale stands confirmed, the supreme court judgment for the deficiency fixed by that sale cannot be attacked.
The restraint imposed by the order to show cause will be continued for a period of thirty days from the date of entry of an order pursuant to these conclusions, in order that complainant may apply to the Ocean county circuit court for a vacation of its order confirming foreclosure sale. If and when such relief is granted by the circuit court, further application may be made to this court, if necessary.
In view of the foregoing, it is unnecessary for me to consider the question of laches argued by counsel for the defendant. That is a question which will undoubtedly be considered by the Ocean county circuit court when application for relief is made. *Page 202