The complainant's decree was for approximately $75,000 and the mortgaged premises were purchased by complainant at the sheriff's sale for $100 subject to taxes of about $5,000. Objections to the confirmation of sale were promptly filed and also a petition invoking the doctrine of Federal Title *Page 60 and Mortgage Guaranty Co. v. Lowenstein, 113 N.J. Eq. 200,
and kindred cases. By consent of the parties the matter was referred to a master to take proofs as to the value of the mortgaged premises and other matters pertinent under Young v.Weber, 117 N.J. Eq. 242. The master has now returned the proofs which have been carefully examined and from which it appears that the mortgaged premises at the date of the sheriff's sale had a value variously estimated by experts from $45,000 to $110,000 and obviously far in excess of the amount of complainant's bid at which the property was struck off and sold. The proofs also disclose, however, that at the time of the foreclosure sale the defendants liable on the bond owned unencumbered real estate located in Asbury Park, New Jersey, of an estimated value in excess of $400,000 (complainant's solicitor says $405,000 and this figure is not challenged by any of the defendants) and I am convinced that by the exertion of a reasonable amount of business effort pending foreclosure and sale defendants could have refinanced the mortgage. They are, therefore, not entitled to invoke the equitable rule of the principal case. Maher v. UsbeBuilding and Loan Association, 116 N.J. Eq. 475; Young v.Weber, supra, and Harvester Building and Loan Association v.Kaufherr, 121 N.J. Eq. 327. Defendants' petition for relief is an appeal to the conscience of the chancellor and seeks relief as a matter of grace and not of absolute right. A mortgage debtor with $400,000 in unencumbered real estate at his command who stands idly by and permits his mortgaged property to be sold at foreclosure sale for a nominal sum, without making any effort to refinance the mortgage or protect himself at said sale, is not entitled to invoke the equitable rule designed only for the relief of the distressed and helpless debtor. It is argued that because of restrictions against alienation and the absence of a power of sale in decedent mortgagor's will, the executor defendants could not refinance complainant's mortgage; but this is a non sequitur and it is plain that no effort was made.
We are not here concerned with any possible right to statutory relief. P.L. 1935 ch. 88 p. 260. The present petition *Page 61 
is directed to the inherent jurisdiction of the chancellor which he may exercise or not according as the circumstances appeal to his conscience. That discretionary power will not now be exercised to the extent of granting the full measure of relief sought. However, conceding that $100 does not represent the fair value of the mortgaged premises, the complainant consents to a resale. This, under the circumstances, is all the relief that defendants are entitled to and they may take such measures to protect themselves at such resale as they may be advised.