Defendant Newark Star Publishing Company, the obligor on a mortgage bond, opposes confirmation of foreclosure sale on grounds that have become familiar in the past few years and, among them, that the Star Company lacked financial resources to protect itself at the sale.
Complainants, arguing for confirmation, show:
All the capital stock of the Star Company — as well as the stock of several other newspaper publishing companies — is owned by Paul Block and Associates, Inc. That corporation was formed last year by the consolidation of three corporations, one of which was Consolidated Publishers, Inc., the then owner of the Star Company. In 1926, in order to raise funds to buy the ToledoBlade, Consolidated Publishers had *Page 304 
issued notes secured by pledge of the capital stock of the Star Company and other subsidiaries. As part of the transaction, it agreed that it would not permit the subsidiaries to mortgage or pledge any property, or create any funded debt except purchase-money mortgages, or mortgages on account of improvements, and that it would not permit them to issue additional capital stock except to itself. This contract is still operative.
Defendant does not allege that the holding company was financially unable to take up complainants' mortgage, and complainants say that in the absence of such showing, the sale should be confirmed.
While one company's ownership of shares of the capital stock of another does not necessarily create an identity of corporate interests between the two, "yet where such ownership of stock is resorted to, not for the purpose of participating in the affairs of the corporation in which it is held, in a manner normal and usual with stockholders, but for the purpose of making it a mere agent or instrumentality, or department of another company, the courts will look through the forms to the realities of the relation between the companies as if the corporate agency did not exist and will deal with them as the justice of the case may require." United States v. Reading Co., 253 U.S. 26;40 S.C. 425, 434. This rule has been followed in New Jersey. Ross v.Pennsylvania Railroad Co., 106 N.J. Law 536; Stockton v.Central Railroad Co., 50 N.J. Eq. 52, 73. Chancellor McGill, in the last case, regarded the rule as an application of the doctrine, "Equity looks at the substance, not merely the outward form," and he quoted Morawetz on Corporations, § 227: "The statement that a corporation is an artificial entity apart from its members is merely a description in figurative language of a corporation viewed as a collective body. A corporation is really an association of persons, and no judicial dictum or legislative enactment can alter this fact."
The reasons for refusing confirmation on which defendant relies, "may be invoked only by the distressed. The disappointed but affluent mortgagor may not take advantage *Page 305 
of a rule designed to relieve distress during an emergency to avoid payment of his debt." Young v. Weber, 117 N.J. Eq. 242.
This view was reiterated in Fidelity Union Trust Co. v.Appleby, 122 N.J. Eq. 59, where Vice-Chancellor Berry said that the rule was "designed only for the relief of the distressed and helpless debtor," and that a petition on these grounds "is an appeal to the conscience of the chancellor and seeks relief as a matter of grace and not of absolute right."
Consolidated Publishers, Inc., for its own ends in connection with the purchase of the Toledo Blade, substantially disenabled the Newark Star Publishing Company from raising funds with which to pay its debts. The holding company exercised a control over the affairs of the subsidiary far beyond participation "in a manner normal and usual with stockholders." Paul Block and Associates, Inc., appears to be the successor of Consolidated Publishers and to stand in its shoes.
This is a case in which the corporate entity of the obligor should be disregarded; it is not an appeal of a distressed and helpless debtor. The objections to confirmation will be dismissed and the sale confirmed.