The bill in this case was filed to set aside a fraudulent conveyance and in aid of a judgment at law, under the statuteR.S. 2:29-110. *Page 68 
Complainant, in the year 1937, as an assignee of one Zwigard, brought suit in the Essex County Circuit Court against Jack Epstein and Century Construction Co., a New Jersey corporation, alleging that Jack Epstein and Century Construction Co. had entered into a contract with Zwigard under which he was to do certain work supplying both labor and materials in connection with the construction of a one-family dwelling house on Wyoming Avenue in the Township of Maplewood. At the completion of the work, there was a balance due Zwigard. The plaintiff-assignee had supplied the materials to Zwigard and because he had not been paid took an assignment of Zwigard's claim. The claim was not paid although a demand was made for its payment. Plaintiff recovered judgment against the defendant, Century Construction Co. There were two appeals both of which resulted in affirmance. See Rogers-Ebert Co. v. Century Construction Co.,125 N.J. Law 125 and 126 N.J. Law 68.
While the bill of complaint seeks to fasten the lien of complainant's judgment on all of defendants' property it specifically is directed against a parcel of land on Richmond Avenue in the Village of South Orange. In the spring of 1939, while the action at law was pending, the defendant Jack Epstein attempted to purchase this property. Epstein and his attorney testified that the owners would not convey directly to Epstein. The contract was made in the name of one, Harry Kay, and the conveyance was taken in the name of "Century Construction Co." Shortly thereafter Century Construction Co. conveyed the premises to Mr. and Mrs. Epstein. No consideration passed for this deed. A house was erected on the lot and the property sold. The grantees were originally made defendants to this bill of complaint but a decree of dismissal as to them was entered by consent. Since the filing of the bill the parties have stipulated that the other properties described therein and in the lis pendens should be relieved from the operation of any decree which may be entered and the lis pendens discharged of record provided Epstein would deposit $2,500 with the clerk of this court. Counsel state that the deposit was made.
The answer of the Century Construction Co. sets up, among *Page 69 
other things, that it was a New Jersey corporation, incorporated on January 3d 1939, and that the said corporation never entered into any contract with the complainant or its assignor and did not enter into the agreement which was the basis of complainant's judgment. It further alleges that the judgment was in reality recovered against another corporation known as the "Century Construction Company" which company was incorporated on October 26th, 1926, the charter of which was forfeited on January 19th, 1933, and was never reinstated. It further alleges that the Century Construction Co. filed no answering pleadings in the Circuit Court but that an appearance was there entered for the Century Construction Company and that the two companies were in no way connected and acquired no funds, property or assets one from the other and further that the Century Construction Co. merely acted as a conduit of title with respect to the Richmond Avenue property in which property it had no beneficial interest.
The answer of the defendant Pauline Epstein is that the lands described in the bill of complaint are or were the sole property of her and her husband, Jack Epstein.
The answer of the defendant Century Building Co. denies that it has or ever did have any interest in the lands in question.
The answer of the defendant Jack Epstein sets forth that the lands are or were the sole property of himself and his wife and that neither the Century Construction Co. nor the Century Building Co. have or ever did have any interest in any of the lands and denies the existence of any indebtedness of himself to either of the corporations.
This court permitted Jack Epstein to file a counter-claim wherein he prays for a decree adjudging that the defendant Century Construction Co. holds title to the Richmond Avenue property in trust for him and prays that a resulting trust in his favor be impressed upon said premises as of February 10th, 1939, which is the date of the contract between the former owners and Mr. Kay.
Jack Epstein was engaged in the real estate and building business in Essex County. The evidence discloses that he *Page 70 
purchases land either in his own or wife's name, erects a house and then sells it. There were a number of applications for building permits as a result of his purchases. Many of these recited the name of the owner as "Century Construction Co." and all but two of which are signed by Epstein. Four of these permits are dated before the incorporation of Century Construction Co. and signed by Epstein. These permits contain the usual affidavits. Four others are signed "Century Construction Co., Jack Epstein." Epstein admitted that these applications were all signed by him and that most of the information contained therein was in his own handwriting. He said, however, that some of the affidavits were not signed by him in the presence of the notary.
Epstein further testified that he generally sublet most of the work except the carpentry and sometimes the masonry. He further said that the contracts were let in his name, as owner, and were paid for by his funds or those of his wife. Most of the "for sale" signs directed inquiry to Century Construction Co. and gave a telephone number which was that of the Epstein home. He explained that he used the name "Century Construction Co." because he did not wish to use the name of "Epstein" as some people were prejudiced against a Jewish name. He further said that the proceeds from all the sales went to him or his wife and not to any of the corporations.
In the action at law, above referred to, complainant alleged a contract by Zwigard with Epstein and the Century Construction Co. The accounting went to a referee who found that it was not the contract of Epstein individually but that Epstein had acted as agent for the Century Construction Co. The law court, after overruling the exceptions to the referee's report, entered a judgment against the corporation only. The Century Construction Co. appealed to the Supreme Court on the ground that the judgment was not supported by the record, which court held that, "The record may be appropriately amended by the elimination of Epstein as an alleged party to the contract; and assuming such amendment as made, the judgment under review will be affirmed."Rogers-Ebert Co. v. Century Construction Co.,125 N.J. Law 125. *Page 71 
The case was appealed to the Court of Errors and Appeals. The notice of the appeal to that court was not properly entitled as the defendant therein mentioned was "Century Construction Company, a corporation," referred to in the pleadings as "Century Construction Co., a corporation." Throughout the pleadings in the Circuit and Supreme Court the defendant was named as Century Construction Co. The appeal to the Court of Errors and Appeals was affirmed on the judgment below. See Rogers-Ebert Co. v.Century Construction Co., 126 N.J. Law 68. The alleged mistake was not raised in the Court of Errors and Appeals (except on the entitling of the notice) or passed upon by that court.
It is further claimed that complainant has no judgment against the Century Construction Co. Complainant on the record holds a judgment of the Circuit Court, twice affirmed, against the Century Construction Co. which judgment stands open and unsatisfied of record. This court cannot go back of the judgment record. Assuming that the law court was in error in awarding a judgment against Century Construction Co. the law is clear that the Court of Chancery may not review errors committed by a court of law. Red Oaks, Inc., v. Dorez, Inc., 120 N.J. Eq. 282,
adopting the rule laid down in Reeves v. Cooper, 12 N.J. Eq. 223,226. In the Reeves Case the court said:
"But where the party has presented the matter which he claims as the ground of his relief to a court of law, and the court has decided against him, or when, through his own negligence, he has failed to present it to the court in which the suit was pending, this court can grant no relief. It has no authority to sit in judgment to correct alleged errors of courts of law, and it will not aid a party who, through his own sheer negligence, has involved himself in difficulty."
Epstein acquired various properties in his own name and then held out to the public that they were owned by various corporations, existent and non-existent, although he now admits that none of the corporations ever had any financial or beneficial interest in the properties. He used these corporations as "dummies" and called them "trade-marks." The referee in the law action found that the work done under *Page 72 
the contract with Zwigard was substantially completed. The suit at law was brought against Epstein and his so-called "trade-mark" company which was not incorporated at the time the work was done. The action at law was permitted to run its course with the result that Epstein was held not to be liable and the judgment went against the Century Construction Co. Epstein made a mistake in his attempts to evade payment by placing the title to the Richmond Avenue property in the name of "Century Construction Co." during the pendency of the action at law.
Epstein, after he held himself out as agent of Century Construction Co., which was not then in existence, defended the suit on the contract, as disclosed by the answer, on the ground that it was his individual contract. The law court found that he acted merely as agent and entered judgment against the defendant corporation. Epstein now wishes to retain the benefit of that decision but endeavors in this court to claim that no one is liable for the work.
I conclude from the evidence that his scheme was evolved for the purpose of defrauding his creditors and particularly this complainant. The corporations, in equity and good conscience must be considered to be one and the same with Epstein. Equity looks beyond the form and at the reality; it will put aside disguises and deal with the substance. I believe that since Epstein unwittingly placed the title of the Richmond Avenue property in the name of the Century Construction Co. he must face the consequences. His conduct does not justify the relief he seeks on the counter-claim. The Century Construction Co. cannnot be heard to object since by the pleadings and evidence it never invested one cent of its assets in the property in question and, therefore, cannot be harmed by the result.
A decree will be entered directing the payment of complainant's judgment together with interest, costs and counsel fees from the moneys on deposit; dismissing the counter-claim and also dismissing the bill of complaint as to the defendants Pauline Epstein and Century Construction Co., without costs. *Page 73