On June 7th, 1932, complainant received from the defendant Paterson Talmud Torah its bond and mortgage in the sum of $3,000 and on that same day also received from the defendant Herman Geller and others their bond in that amount. The mortgage having been defaulted in, complainant instituted the present foreclosure proceeding, wherein a final decree was entered, upon which a writ of fieri facias was issued and pursuant to which the sheriff of Passaic County struck off and sold the mortgaged premises to complainant for the sum of $100. To the confirmation of this sale, however, objections have been interposed by both the Paterson Talmud Torah and the defendant Geller, each of whom has also filed a petition seeking an order requiring the complainant to accept the mortgaged premises at their fair value, instead of the amount which it had bid therefor, before confirming the sale thereof.
Complainant now moves to strike the objections and the petition thus interposed and filed by the defendant Geller; but it has, however, up to the present time, seen fit to refrain from taking any such or other action with respect to the still pending petition and objections of the defendant Paterson Talmud Torah. In support of its present motion, complainant asserts that Geller's petition and affidavit fail to state that the sale of the mortgaged premises at the therein alleged unconscionable price or that the therein alleged absence of competitive bidding was due to some fact beyond his control, or that the therein alleged existing emergency caused or brought about an inability on his part to protect himself by refinancing or otherwise, or that he was unable to protect himself at the foreclosure sale because of any impecuniously or lack of financial resources on his part. The existence of each and all of these factors is, under the pronouncement of Federal Title and Mortgage GuarantyCo. v. Lowenstein, 113 N.J. Eq. 200; 166 Atl. Rep. 538; Lurie *Page 169 
v. J.J. Hockenjos Co., 115 N.J. Eq. 304; 170 Atl. Rep. 593;Maher v. Usbe Building and Loan Association, 116 N.J. Eq. 475;174 Atl. Rep. 159; Young v. Weber, 117 N.J. Eq. 242;175 Atl. Rep. 273; Bluestone Building and Loan Association v. Glasser,117 N.J. Eq. 392; 176 Atl. Rep. 314; Meyer v. Blacker, 120 N.J. Eq. 35; 184 Atl. Rep. 191; Falcon Building and Loan Association
v. Schwartz, 121 N.J. Eq. 27; 186 Atl. Rep. 696; Miller v.Bond and Mortgage Guaranty Co., 121 N.J. Eq. 197;188 Atl. Rep. 678; Harvester Building and Loan Association v. Kaufherr,121 N.J. Eq. 327; 190 Atl. Rep. 491, an essential prerequisite to the right to invoke the rule enunciated in those cases and upon which said defendant would here rely.
However, the determination of this question, in view of the pendency of the still unchallenged and undisposed of objections and petition of the defendant mortgagor might much better and, for all practical intents and purposes, should be deferred until the disposition of that petition and those objections, and hence such will be the order of this court.