A bill was filed herein to foreclose a purchase-money mortgage dated July 1st, 1924, executed by the defendant Isaac J. Walsh to Martin A. Adams. The mortgage was later assigned to the complainant. A final decree was entered on September 4th, 1942, directing the sale of the mortgaged premises to satisfy the sum of $15,868.57 with interest and costs. The premises were sold by the sheriff of Hudson *Page 522 
County on October 15th, 1942, to the complainant for the sum of $100. Walsh filed objections to the confirmation of sale. The matter is now here on two applications as follows: (1) Walsh presented a petition, and thereon obtained, on November 9th, 1942, an order to show cause why confirmation of the sale should not be withheld until complainant would allow a credit for the fair and reasonable value of the mortgaged premises as of the date of the sale; and (2) the complainant filed and served a notice of motion upon Walsh to strike his "objections to confirmation."
Adams, the original mortgagee, conveyed the premises to Walsh on July 1st, 1924, at the time of the execution of the mortgage; thereupon, Walsh executed a deed of conveyance of the premises to the defendant Hudson County Buick Company, a corporation of New Jersey. The deed to the corporation recited that "the said Isaac J. Walsh being a mere conduit of title * * * the said Hudson County Buick Company hereby assumes and agrees to pay [said mortgage] in accordance with the terms and provisions thereof."
The defendant Buick Company paid the interest on the mortgage and the taxes on the property from the year 1924 to January, 1942.
After the complaint was filed herein and the defendants were served with process, the defendants' solicitor informed the complainant's solicitor that the defendant mortgagor Walsh held a "general release" from the mortgagee Adams. The defendants then served notice of motion on complainant of an application to this court for an order directing the complainant to amend its bill of complaint "so that in all truth and honesty the bill will exhibit the true and complete state of facts known to complainant * * *," and attached to the notice of the motion affidavits of the defendants Walsh and Augustus R. Southworth (one of the principal stockholders of the Buick Company) reciting the issuance of the general release by Adams to Walsh. The affidavits are dated the 29th and 30th days of June, 1942, respectively. See Tansey v.Belleville Relief Association, 99 N.J. Eq. 894;133 Atl. Rep. 423. *Page 523 
On July 31st, 1942, an order was issued herein granting leave to Walsh and the other defendants to file an answer in lieu of plea pleading the aforementioned general release, which among other things says:
"4. The question raised by * * * the answer in lieu of plea of the remaining defendants * * * shall be reserved until after theconfirmation of the sheriff's sale of the mortgaged premises inthis cause, and if a deficiency is created as a result of said sale, then the complainant or any of the defendants * * * may bring on the hearing of the questions reserved as aforesaid, by applying for an appropriate order of reference; and all questions raised by the respective pleadings are hereby reserved notwithstanding the entry of the final decree as aforesaid, and the sale of the mortgaged premises and confirmation thereof, in the above entitled cause." (Italics mine.)
The last quoted order was consented to by the solicitor of the defendants. On August 6th, 1942, Walsh and the Buick Company filed an answer in lieu of plea, alleging therein that Walsh had been released from all liability by the aforementioned general release. On October 13th, 1942, the defendants' solicitor moved to amend the final decree of September 4th, 1942, by inserting therein the reservation of questions granted to the answering defendants in paragraph 4 of the order of July 31st, 1942, above quoted, and reserved in and by the said final decree. The said decree was so amended on October 14th, 1942.
No one but the defendant Walsh has raised objections to the confirmation of sale. In his petition he alleges that he was a mere nominee, dummy, or agent of the defendant Buick Company; and his affidavit annexed to the petition carries the same statement — as does his affidavit of June 29th, 1942. The Southworth affidavit of June 30th, 1942, conveys the same information. The answer in lieu of plea filed by Walsh and the Buick Company also presents the same allegation.
The complainant contends in its notice and argument that:
1. Walsh has an adequate remedy at law;
 2. He is not a distressed debtor; *Page 524 
3. He is estopped by his answer in lieu of plea to object to confirmation of the sheriff's sale;
4. He is estopped by the order of July 31st, 1942, and by the amended final decree to object to confirmation of the sheriff's sale, or to petition for set-off of fair value "until after the confirmation of the sheriff's sale of the mortgaged premises;"
5. Walsh's objections and petition were not filed in good faith and are inequitable and frivolous.
I am in accord with the expressed contentions of complainant.
The law is pretty clearly defined that a valid release of claim is an effective defense. McKenna v. Montclair Police, c.,Commission, 121 N.J. Law 206; 1 Atl. Rep. 2d 756. It is fundamental that equity will not take jurisdiction of a suit where the courts of law furnish a full and adequate remedy. NewAmsterdam Casualty Co. v. Mandel, 115 N.J. Eq. 198;170 Atl. Rep. 19; affirmed, 116 N.J. Eq. 48; 172 Atl. Rep. 364; Stein v.Elizabeth Trust Co., 126 N.J. Eq. 399; 9 Atl. Rep. 2d 672;Verdi v. Price, 129 N.J. Eq. 355; 19 Atl. Rep. 2d 211.
The release from Adams to Walsh presents an absolute defense to any action that might be instituted against Walsh for a deficiency on the bond secured by the mortgage in question. In his affidavits, and in his answer to the foreclosure suit, Walsh sets up the general release as an effective bar to liability. Walsh's "in and out" and "blow hot and cold" attitude in this proceeding does not create a favorable impression. His position is apparent; he admittedly was, or is, an "agent, nominee, or dummy" of the Buick Company, the assuming mortgagor — which may, or may not, be financially responsible. He, individually, stands to lose nothing through the outcome of this proceeding; and his evident willingness to stand by "a friend in need" in his efforts to obtain a "fair value" hearing is obvious. "Equity will draw from the facts and circumstances presented to it fair, reasonable, and legitimate inferences; and, in its efforts to reach the truth, it `penetrates all disguises of form, and, disregarding the *Page 525 
shadow, grasps the substance.' Earle v. American SugarRefining Co., 74 N.J. Eq. 751; 71 Atl. Rep. 391, 395." RestfulSlipper Co. v. United Shoe and Leather Union, 116 N.J. Eq. 521;174 Atl. Rep. 543. Behind the litigious form of Walsh appears the substantial figure of the Buick company.
In equity it is the substance and not the form which controls.Housing Authority of Newark v. Ryan, 129 N.J. Eq. 277;19 Atl. Rep. 2d 24. Equity will always in a proper case pierce through fiction to the reality. Goldberg v. Yeskel, 129 N.J. Eq. 404; 20 Atl. Rep. 2d 656; affirmed, 129 N.J. Eq. 410;19 Atl. Rep. 2d 788; Rogers-Ebert Co. v. CenturyConstruction Co., 131 N.J. Eq. 67; 23 Atl. Rep. 2d 905;affirmed, 131 N.J. Eq. 469; 25 Atl. Rep. 2d 635; Johnson
v. Traymore Co., Inc., 132 N.J. Eq. 449; 28 Atl. Rep. 2d603.
Vice-Chancellor Woodruff in Patsourakos v. Kolioutos,132 N.J. Eq. 87; 26 Atl. Rep. 2d 882, said:
"A court of equity should not lend itself to the accomplishment of any such inequitable purpose. * * * The application of the maxim that those who seek equity must do equity, is not limited to any particular class of cases; it is applied whenever necessary to promote justice. * * * Vice-Chancellor Backes, inKearny v. New Jersey Suburban Water Co., 10 N.J. Mis. R. 1015;162 Atl. Rep. 126, 128; affirmed, 117 N.J. Eq. 474;176 Atl. Rep. 556, points out that a complainant, seeking equity, `cannot escape its equities by resorting to legal niceties.' The phrase is apt to the situation now before me."
The quoted phrases are equally apt in the instant case. The aim of this court in proceedings of this kind is to give equitable relief to impecunious and distressed debtors and where possible to protect them from the imposition of unjust hardships.National Newark and Essex Banking Co. v. Vangold Realty Co.,125 N.J. Eq. 293; 5 Atl. Rep. 2d 315; Fidelity Union TrustCo. v. Guterl, 130 N.J. Eq. 404; 22 Atl. Rep. 2d 233;Fidelity Union Trust Co. v. Schubert, 131 N.J. Eq. 218;24 Atl. Rep. 2d 578. Walsh, according to the record, as it stands in this proceeding, is not an impecunious *Page 526 
debtor; he is not and will not be required to protect himself by refinancing or otherwise; and in denying him the relief he seeks will suffer no "unavoidable hardship" or any consequent distress; and his financial resources, if any, will not be affected in the least. In Young v. Weber, 117 N.J. Eq. 242;175 Atl. Rep. 273, this court said:
"* * * while not doubting this court's power to provide a remedy for every wrong cognizable here, and while if `the hardship be strong enough, equity will find a way' * * *, it should be understood that a petitioner seeking relief in this court as a matter of grace must affirmatively show the hardship to exist before he can invoke the equities."
See, also, Maher v. Usbe Building and Loan Association,116 N.J. Eq. 475; 174 Atl. Rep. 159; Fidelity Union Trust Co. v.Ritz Holding Co., 126 N.J. Eq. 148; 8 Atl. Rep. 2d 235;Silk City Building and Loan Association v. Paterson TalmudTorah, 131 N.J. Eq. 167; 24 Atl. Rep. 2d 397. The petitioner has shown no anticipated hardship.
The defendants' prayer will be denied and the complainant's motion to strike will be granted. *Page 527