By this bill the complainant seeks a permanent injunction against the prosecution of an action for damages (in trover and conversion), now pending in the New Jersey Supreme Court, by the Perth Amboy National Bank, the defendant herein, as plaintiff, against John Wanamaker, the complainant herein, as defendant in that suit. That cause is at issue and trial was imminent when this bill was filed. On the filing of the bill an order to show cause with preliminary restraint was advised and on the return day thereof answering affidavits were filed and counsel for the defendant, on notice, moved to strike the bill on the ground that the bill of complaint discloses no equitable cause of action and lack of jurisdiction of this court over the controversy. *Page 303 
The bill alleges that on May 13th, 1941, Chelsea Corporation, the owner of a "Howard Johnson Restaurant" in Monmouth County, executed a real estate mortgage in the sum of $20,000 on said premises to the defendant, the Perth Amboy National Bank, which mortgage was duly recorded on the same day; that subsequently the complainant sold all the furniture and equipment for said restaurant to Chelsea Corporation on a conditional sales contract, and that the said furniture and equipment was delivered and installed on May 23d 1941, and thereafter; that the conditional sales contract was executed by Chelsea Corporation on February 10th, 1942, and duly filed with the clerk of Monmouth County on February 17th, 1942; and that by the terms of said agreement "title to said equipment was retained in the complainant until paid for in full." It is further alleged that on August 13th, 1942, Chelsea Corporation defaulted in the payment of an installment of principal and interest due on its mortgage to the defendant on that date, and that thereafter the defendant filed its bill to foreclose the said mortgage but did not join the complainant as defendant thereto. After the bill to foreclose was filed and before final decree, defaults in the conditional sales agreement having occurred, the complainant removed the furniture and equipment which was the subject of that agreement from the Howard Johnson Restaurant wherein it had been installed. On March 1st, 1943, pursuant to final decree in the foreclosure suit, the property described in the mortgage was sold by the sheriff of Monmouth County and purchased by the complainant mortgagee, the defendant here, at a nominal bid of $100. No proceedings to enforce a claim for deficiency on the mortgage bond were instituted by the complainant mortgagee, nor were any proceedings in replevin instituted against the complainant to recover the furniture and equipment so removed; but on October 6th, 1943, the action at law, prosecution of which is here sought to be restrained, was begun by the defendant in this suit. A copy of the complaint and of the answer of this complainant in the law action is attached to the bill. It is further alleged in the bill that by the final decree in the foreclosure suit it was adjudged that the sum of $18,930.65, plus interest and *Page 304 
costs, was due to the complainant in that suit, that the mortgaged premises at the time of the sheriff's sale had a "fair market value" of $30,000, and complainant invokes the equitable doctrine of Federal Title and Mortgage Guaranty Co. v.Lowenstein, 113 N.J. Eq. 200; Young v. Weber, 117 N.J. Eq. 242,
and kindred cases, and asks that the defendant be required to credit the value of the mortgaged premises on its final decree before seeking to enforce its claim, if any, against the complainant because of the removal of said furniture and equipment from said restaurant by it.
I shall first dispose of the motion to strike the bill, as if that motion prevails the order to show cause and restraint thereby imposed fall with the bill.
Notwithstanding the motion is, in the notice thereof, based upon a claim that complainant has an adequate remedy at law and that this court is without jurisdiction, three grounds for striking the bill are advanced in defendant's brief:
First. Because the complainant "comes into the Court of Chancery with unclean hands."
Second. That complainant has a full and complete remedy at law.
Third. That the bill contains no allegations which would warrant the application of the doctrine of the Lowenstein case.
The first argument may be dismissed without comment except to say that on this motion only the allegations in the bill of complaint, and not those in the affidavits attached thereto or in the answering affidavits, are to be considered as only those allegations are admitted by the motion. Counsel's argument for the application of the clean hands doctrine is based upon facts appearing from those affidavits, but it is not supported by what appears upon the face of the bill.
An inspection of the pleadings in the law suit which are attached to the bill of complaint, discloses that the plaintiff therein charges that the defendant, who is the complainant here, "forcibly broke and entered into said premises and broke and injured the walls, ceilings, doors and floors thereof, and tore down the electric chandeliers and fixtures, and ripped out and cut away the plumbing and plumbing fixtures, stoves *Page 305 
and other appliances generally from the aforesaid structure, and took and carried away gas stoves, ranges, furnaces, refrigerators, compressors, motors, ice boxes, coils, sinks and faucets, radiators, steam tables, oil burners, chandeliers, electric fixtures, venetian blinds, exhaust fans, blowers, wall cushions, wall seats, lockers, soda fountain, soda fountain fixtures, wall mirrors, service counters, ice bins, chairs, tables, and other equipment, either attached to the structure and forming part of the realty or used in the operation of the said business previously conducted on the aforesaid premises and for the purpose for which the building was erected, and all being the property of the plaintiff, to the value of $25,000."
By its answer the complainant, the defendant in that suit, denies the forcible entry but admits the removal of "certain goods and chattels of the general kind and character as alleged," but claims it did so by permission of the owner of the premises, the mortgagor and conditional sales vendee, and that title to said goods and chattels so removed was in the complainant, the defendant in that suit, by virtue of its conditional sales agreement.
I think it is clear that the real issue in that suit is whether or not the title to the goods, chattels, furniture and equipment removed from the restaurant was in this complainant by virtue of its conditional sales contract, or had become subject to the lien of the defendant's mortgage at the time of the institution of the foreclosure proceedings either by virtue of the institutional doctrine of fixtures (Smyth Sales Corp. v. Norfolk Buildingand Loan Association, 116 N.J. Law 293) or the law of conditional sales (Bank of America National Association v.LaReine Hotel Corp., 108 N.J. Eq. 567). This question the law court is entirely competent to answer and, therefore, the complainant has an adequate remedy at law and has no standing here unless it has some special equity which would entitle it to invoke the doctrine of the Lowenstein Case. Maher v. UsbeBuilding and Loan Association, 116 N.J. Eq. 475.
The bill is devoid of any allegation of fact which would entitle the complainant to invoke that doctrine. In Young v.Weber, supra, this court said that a mortgagor invoking *Page 306 
the rule of that case must affirmatively show the following: "(1) sale at an unconscionable figure; or, (2) at a nominal bid plus the absence of competitive bidding due to some fact beyond the control of the petitioner, and facts sufficient to invoke the equitable rule referred to; (3) the existence of an emergency because of which the defendant was unable to protect himself by refinancing or otherwise; and (4) his own inability — lack of financial resources — to protect himself at the sale." Also that the rule is not of universal application.
Items 2, 3 and 4 of the above requirements are totally lacking in the present bill. In complainant's brief it is argued that wartime gasoline rationing constituted an emergency and that the failure of the Chelsea Corporation and the closing of its restaurant were the result. But assuming the correctness of that statement it does not follow that the complainant, John Wanamaker, New York, was so financially embarrassed as to be unable to protect itself at the sheriff's sale, and the equitable doctrine of the Lowenstein Case may be invoked only by the distressed. Maher v. Usbe Building and Loan Association,supra. Complainant argues that it had no notice of the sale. Not being a party to the foreclosure proceedings, it was not, of course, entitled to any notice other than the usual advertisements of a judicial sale, and it is not contended that the legal requirements in this regard were not met. But it appears on the face of the bill that complainant knew of the foreclosure proceeding because "it noted that it was not a party" thereto. Had it desired to have the status of the furniture and equipment conditionally sold to the mortgagor determined in this court, it could have intervened in that suit. It did not do so but chose to physically repossess the property so sold without the aid of any court. Thus, acting independently, it is responsible for any error of judgment committed.
Complainant also argues that to permit the defendant to recover in its action at law would violate the ancient maxim that "equity will not suffer a double satisfaction to be taken;" that the mortgaged premises had a value of $30,000 at the time of the sheriff's sale; that the foreclosure decree was for only $18,930.65; that, therefore, no deficiency arose from the *Page 307 
sale, and that a recovery of a judgment by the plaintiff in the law suit would result in a double satisfaction of its debt. Obviously complainant misconceives the purpose of this equitable rule. The meaning of the maxim is that equity will not permit a creditor to compel his debtor to pay his debt or other obligation twice. The plaintiff is not seeking the recovery of a deficiency judgment. Nor the collection of a debt from the defendant. The complainant (defendant in the law action) is not a debtor, but an alleged tort-feasor. The action at law is by the sheriff's grantee for damages arising from the alleged unlawful acts of the complainant. The unsoundness of the complainant's position here is obvious when we consider that if the defendant bank, the mortgagee, had a claim in tort against the mortgagor, recovery thereon after final decree and sale in the foreclosure suit would not constitute a double satisfaction of the debt evidenced by the bond and mortgagee. A bill by the mortgagor against the mortgagee, invoking the doctrine of the Lowenstein Case, would not lie under those circumstances. A fortiori it does not lie at the suit of a third party defendant in an action at law in tort.
The bill will be stricken.